## Philadelphia, Appellant, *v.* Vare.

*Contracts—Assumpsit—Affidavit of defense — Sufficient averments.*

In an action by a municipality to recover the amount of a judgment obtained against it for negligence in permitting inflammable materials to be used in filling and grading a street, whereby fire was communicated to an adjoining property, where the statement of claim set forth a contract let by plaintiff to defendant for grading the street wherein defendant agreed "to be responsible for and pay all loss or damage to either person or property which may in any manner arise by reason of the prosecution of said work during the progress of the same," and to "be responsible for any accident that may occur during the progress of or by reason of the work," the court did not err in holding sufficient an affidavit of defense which alleged that the fire did not occur because of work done by defendant under his contract and was not caused by defendant's negligence; that at the time of the fire the street was not in defendant's exclusive possession, but that plaintiff had permitted its use as a public dump, and that inflammable matter had been placed thereon by other persons, and that the ground of the action in which a recovery had been had against plaintiff was in permitting inflammable rubbish to be placed on the street in close proximity to the property burned.

Argued March 31, 1914. Appeal, No. 301, Jan. T., 1913, by plaintiff, from order of C. P. No. 2, Philadel-

phia Co., June T., 1913, No. 1799, discharging rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia v. Edwin H. Vare. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover damages for breach of contract.
Rule for judgment for want of a sufficient affidavit of defense.
The opinion of the Supreme Court states the facts.
The court discharged the rule. Plaintiff appealed.

*Error assigned* was in discharging the rule.

*Paul Reilly*, Assistant City Solicitor, with him *Michael J. Ryan*, City Solicitor, for appellant, cited: Koch v. Hinkle, 35 Pa. Superior Ct. 421; Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366; Metzger's Est., 242 Pa. 69.

*Francis Shunk Brown*, of *Simpson, Brown & Williams*, for appellee, cited: Lohr v. Pittsburgh Boro., 156 Pa. 246; Burns v. Bradford City, 137 Pa. 361; Com. v. Vrooman, 164 Pa. 306; Swan v. Scott, 11 S. & R. 155; Marsh v. Pier, 4 Rawle 273; Hughes v. Kline, 30 Pa. 227; Stevens v. Hughes, 31 Pa. 381; Schwan v. Kelly, 173 Pa. 65; Bigelow v. Old Dominion Copper Min. & Smelting Company, 225 U. S. 111; Portland Gold Mining Company v. Stratton's Independence, 158 Fed. Repr. 63; Painter v. Pittsburgh, 46 Pa. 213; Patton v. McDonald, 204 Pa. 517; Levenite v. Lancaster, 215 Pa. 576; Oakdale Borough v. Gamble, 201 Pa. 289; No. Penna. R. R. Co. v. Mahoney, 57 Pa. 187; Boyer v. Bolender, 129 Pa. 324; Turton v. Powelton Electric Company, 185 Pa. 406; Merryweather v. Nixan, 8 Term Reports 186; Arnold v. Clifford, 2 Sumner 238; Miller v. Fenton, 11 Paige 18.

PER CURIAM, April 27, 1914:

This appeal is from an order discharging a rule for judgment for want of a sufficient affidavit of defense in an action to recover from the defendant the amount of a judgment obtained against the city for negligence in permitting inflammable materials to be used in filling and grading a street by reason of which fire was communicated to an adjoining property. The allegations in the statement of claim on which a right of action is based are that the defendant under a contract with the city graded the street in which the fire originated and did not protect the property destroyed which was in close proximity to the work of grading; that the fire originated during the progress of the work of grading the street and was communicated to the property destroyed; that the defendant was notified of the time of trial of the action against the city and allowed permission to come in and defend and was informed that in the event of a recovery against the city an action would be brought against him for the amount the city was required to pay and that he attended the trial and was called as a witness for the city. Reference is made to the record of the trial of the action against the city as a public record in another court, but it is not alleged that it discloses negligence by the defendant in this action or that negligence by him was charged. Appended to the statement was a copy of the contract between the city and the defendant by which he agreed properly to enclose the work and to place signal lights therein at night, when and where necessary and "to be responsible for and pay all loss or damage to either person or property which may in any manner arise by reason of the prosecution of the said work during the progress of the same." It is provided by one of the specifications that the contractor shall be skilled in the kind of work bid for, shall employ skilled men and give daily supervision to the work, that he shall maintain necessary barriers and danger signals and "be

responsible for any accident that may occur during the progress of or by reason of the work."

The affidavit of defense sets up a number of distinct grounds of defense but in deciding the question raised it is necessary to consider but one of them. It is averred that the fire did not occur because of work done by the defendant under his contract and that it was in no manner caused by his negligence or that of his employees or in the prosecution of the work or by any failure to comply with his contract; that the street at the time was not in his exclusive possession or control and that the city had permitted its use as a public dump and that inflammable matter had been placed thereon by other persons; that the ground of the action in which a recovery had been had against the city was its negligence in permitting inflammable rubbish to be placed on the street in close proximity to the property burned and that the judgment against it was based on the finding of its negligence. The averments of the affidavit were to be taken as correct and they were ample to prevent judgment against the defendant.

The judgment is affirmed.