EMIL F. SEIDEL, Appellant, v. JOHN BLOESER et al., Respondents.

St. Louis Court of Appeals, November 29, 1898.

1. **Easement:** GRANT OF EASEMENT NOT IMPLIED: LEASE OF APARTMENTS. A grant of easement can not be implied unless it should be necessary to the enjoyment of the thing granted.

2. ——— : ——— : ———. A lease devising the basement and first floor of a building, and nothing more, does not give the lessee any interest in the land beyond that directly connected with the leased apartments, and such a lease is a letting of apartments and not of land.

3. Mechanics' Lien: LEASE OF APARTMENTS: STATUTORY CONSTRUCTION. Section 6706, Revised Statutes of Missouri, 1889, furnishes no authority for a mechanics' lien upon one apartment of a building, containing several apartments, held and occupied separately by different tenants, or separately by the owner and a tenant or tenants.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

LUBKE & MUENCH and GEO. W. LUBKE, JR., for appellant.

The lease in question necessarily conveyed the ground upon which the building stands as appurtenant and incident to the building. Witte v. Quinn, 38 Mo. App. 681; Doyle v. Lord, 64 N. Y. 432; Riddle v. Littleton, 53 N. H. 503; Oliver v. Dickinson, 100 Mass. 114. The improvements in question are more than mere trade fixtures. They are of a permanent nature, and therefore such for which a mechanics' lien may be claimed. Koenig v. Mueller, 39 Mo. 165; Graves v. Pierce, 53 Mo. 423; Richardson v. Koch, 81 Mo. 264. The statute must be reasonably construed and under such a construction must be held to give a right of lien in the case at bar, because any interest which the tenant may have is lienable. Deatherage v. Sheidley, 50 Mo. App. 494. The mechanics' lien law must be liberally construed in favor of the mechanic and material men, because remedial in its nature. McAdow v. Sturtevant, 41 Mo. App. 220; Dugan Cut Stone Co. v.

Gray, 114 Mo. 497; Walden v. Robertson, 120 Mo. 38; Rall v. McCrary, 45 Mo. App. 365.

ROWELL & FERRISS and J. H. ZUMBALEN, Attorneys for J. E. and D. F. Kaime, and KEHR & TITTMAN for respondents C. M. Foster and St. Louis Brewing Association.

The only question presented in this case is, whether or not a mechanic is entitled to a lien for materials furnished for, or labor performed on, one room or one floor of a building already erected, containing a number of rooms or a number of floors, under contract with the lessee of such room or such floor, the other rooms or floors of such building being occupied by other tenants or by the owner of the building. The mechanics' lien law is purely statutory; its character, operation and extent must be ascertained by the terms of the statute creating and defining it; of itself, it is a peculiar, particular, special remedy given by statute, bounded and circumscribed by the terms of its creation. The courts are powerless to take it up where the statute may leave it, and extend it to meet facts and circumstances which they may believe present a case of equal merit or a necessity of the same kind. Copeland v. Kehoe, 67 Ala. 594. "Our mechanics' lien law is of purely statutory creation, and all its applications must be directed by interpretation of the language used by the lawmakers." McMahon v. Vickery, 4 Mo. App. 225. Or, as the supreme court of Pennsylvania said in considering whether a lien for repairs was binding upon the interest of a lessee: "If it is, it must be by virtue of an act of assembly giving such lien by its express terms, or by necessary implication. We can not give such liens by judicial construction." Hancock's Appeal, 115 Pa. St. 1. If then the mechanic is entitled to a lien under the circumstances of this

case, it must be because the statute either in express terms or by necessary implication gives it to him; and the only statute bearing upon the subject is section 6708, Revised Statutes 1889, which provides as follows: * * * It is the land, to the extent of all the right, title and interest owned therein by the owner or proprietor of the building, for whose use the labor was done or materials were furnished, together with the building, which is made subject to the lien. To give the lien, the law presupposes work done or materials furnished for the owner of the building on and for his building. Waterman v. Stout, 38 Neb. 396. Section 6708, which extended the lien to leaseholds, provides, that "every building or other improvement erected, or materials furnished, according to the provisions of this article, on leased lots or lands, shall be held for the debt contracted for or on account of the same, and also the leasehold term for such lot and land on which the same is erected." * * * In Collins v. Mott, 45 Mo. 102, it was held that the term "other improvements," used in section 6708, to designate the property to which the lien attaches, is synonymous with the term "building" immediately preceding it. Said terms do not, therefore, include repairs or alterations to an existing building on a leased lot. Nor can the words "materials furnished," be held to mean "materials furnished for alterations or repairs," because if they be held to be descriptive of the property to which the lien attaches the result is that the lien attaches to the materials as personal property, which is in direct opposition to repeated adjudications of the statute (Collins v. Mott, supra; Richardson v. Koch, 81 Mo. 270). It must, therefore, follow that the only proper reading of the statute is the following: "Every building erected, according to the provisions of this article, on leased lots or lands, shall be held for the debt contracted for on account of

the same, or materials furnished therefor, and also the leasehold term for such lot and land on which the same is erected." Such reading necessarily limits the lien to cases where the lessee erects a new building on land leased by him, and excludes the lien when he simply repairs or alters a buiding belonging to the landlord. In McCarthy v. Burnet, 84 Ind. 29 (and the Indiana lien laws are very similar to ours, according to our supreme court in 81 Mo. 270), it was held, that a lien may be acquired against a tenant's interest in all cases where it can be done without an invasion of the rights of the reversioner, and that a lien can not be used to the injury of the owner of the reversion. The court said: "It is evident, that to permit a lien to be acquired for repairs upon the landlord's house, made under a contract with a tenant, would be an unjustifiable invasion of the landlord's rights, and likely to result in taking his property from him. * * * It must be held that a lien can not be acquired for repairs upon buildings owned by the landlord under contract with the tenant." So in Kerr v. Merchant's Exchange, 3 Edw. Ch. 316, where the same question arose, the court said: "The leases are not to be considered leases of land but of apartments in the building, distinct from the land on which it was erected." To the same effect are: Harrington v. Watson, 11 Ore. 143; Winton v. Cornish, 5 Ohio, 477; Graves v. Berdan, 26 N. Y. 498; McMillan v. Soloman, 42 Ala. 356; Stockwell v. Hunter, 11 Metc. (Mass.) 448. In McMahon v. Vickery, 4 Mo. App. 225, the question presented was whether material men under King, Vickery & Company were entitled to mechanics' liens against the premises occupied by the plaintiffs, for putting up shelving, a show case and a show window in plaintiff's shop. Plaintiffs were plumbers, occupying a shop on Sixth and St. Charles streets, St. Louis, as tenants of part of the

building. "They did not own it, did not build it, and had no lease of the lot of ground upon which it stood; they had only a lease of that part of the building in which they had their shop." The court said: "Our mechanics' lien law is of purely statutory creation, and all its applications must be directed by interpretation of the language used by the lawmakers. The first section of the act, after describing for what objects the lien may be demanded, proceeds to declare upon what property it may be fixed. In the first category are work and labor upon materials, fixtures, engine, boiler, or machinery for any building, erection, or improvements upon land, etc. * * *· There is no difficulty in determining that, in these classifications, no place can be found for the material men's demands under consideration. They arose from no dealing with any owner or proprietor, or his agent, trustee, contractor or subcontractor. But it is argued that the provisions of the fourth section are expressly adapted to those demands. This section introduces another class of objects upon which the lien may be fixed, viz.: 'Every building or other improvement erected' * * * 'on leased lots or lands,' * * * and also the leasehold term for such lot and land on which the same is erected. Was the plaintiff's shop, for which the materials were furnished, a building or improvement erected on a leased lot or land, within the meaning of the statute? Did the plaintiffs hold any leasehold term for such lot or land? We think that both questions must be answered in the negative. * * * The plaintiffs in this case were tenants of a room or shop in a building which, for aught that appears in the agreed statement, may have contained a dozen other apartments. They had no lease of the 'lot or land,' on which the house was situated. Other tenants may have occupied the

premises over or under them, and so have had an equal interest with the plaintiffs in the ground whereon the building stood.'' We submit that the foregoing case is exactly parallel to the case at bar, and the rule announced must control here.

BLAND, P. J.—J. E. and David F. Kaime, on May 11, 1897, were the lessees for and during the natural life of Rebecca Edom, of a three story stone front building, situated on Olive street, been Sixth and Seventh streets, in the city of St. Louis, and known as number 610 Olive street; on that day they made and executed a lease of the first floor and basement of said building to John Bloeser for a term of ten years, should Rebecca Edom live so long, reserving a stipulated annual rental payable in monthly instalments; the lease was for the express purpose of keeping a retail liquor store by John Bloeser, lessee; after the execution of the lease, the plaintiff, at the instance and request of John Bloeser, furnished material and did work in the improvement of said basement and first floor, such as putting in doors, a vestibule, tile flooring, and wainscoting; Bloeser failed to pay for the work and material, and the plaintiff in due time filed a mechanics' lien on the premises embraced in Bloeser's lease; in due time he brought suit against Bloeser to recover the value of his labor and material furnished, and against the other defendants, to enforce his mechanics' lien; defendant B. D. Kribben filed a disclaimer of any interest in the premises; the answer of all the other defendants was a general denial; a jury being waived the cause was tried before the court; plaintiff proved the correctness and reasonableness of his lien account; that the work was done at the request of Bloeser, and that he had taken all the requisite steps to perfect his lien. He then offered in evidence the lease to defendant

Bloeser; to this defendant objected, on the ground that the lease was incompetent, in that it failed to show such title to the lot in Bloeser as is contemplated by the mechanics' lien law; the court sustained the objection, on the ground that under the provisions of section 6708, Revised Statutes 1889, there can be no mechanics' lien except in cases of a ground lease, and that there can be no lien on a part of a house or on a lease of a separate floor of a house; to this ruling plaintiff saved an exception; the mechanics' lien paper as filed was offered and excluded for the same reasons and on the same ground that the lease was excluded; to this ruling plaintiff also saved an exception; the court then gave a declaration of law, that under the pleadings and evidence the plaintiff was not entitled to a mechanics' lien, to which plaintiff objected and excepted, thereupon the court gave judgment for plaintiff against Bloeser for $1,610.12, the full amount of plaintiff's account with interest, but denied plaintiff a mechanics' lien, as prayed in his petition. After an unavailing motion for a new trial, plaintiff appealed.

The question presented for solution is whether or not a mechanic is entitled to a lien for material furnished or labor performed on the first floor and basement of the three story house, under a contract with the lessee of the first floor and basement, the other floors or apartments of the house not being embraced in this lease and not in his possession or under his control; from this statement arises also this inquiry, does such a lease, or did the lease in this case, convey the ground upon which the building is situated? In Doyle v. Lord, 64 N. Y. App. 432, it was held, that where plaintiff leases the first floor of a building in the city of New York for a store, in the rear of which was a yard attached to and exclusively appropriated for the use of the building, to which all occupants had access through

a hall running from the front to the rear of the building, and as the building was occupied when plaintiff leased, no tenant could dispense with it, the plaintiff had an easement in the yard. In Oliver v. Dickison, 100 Mass. 114, it is said, that any right of way or other easement necessary to the enjoyment of premises granted will pass as appurtenant thereto, although there is no express mention of easement, privilege or appurtenant. This is a well established rule applicable to all grants of real estate. 2 Wash. on Real Property, 667; 3 Kents Com. [6 Ed.] 421; U. S. v. Appelton, 1 Summers, 492; Streets v. Seldens Lessee, 2 Wall. 177; Witte v. Quinn, 38 Mo. App. 681. The lease to Bloeser does not mention any right of way or other easement on the lot on which the building is situated; in fact the lot is nowhere described in the lease; and a

GRANT of easement can not be implied.

grant of easement can not be implied unless it should be necessary to the enjoyment of the thing granted; there is no evidence of any such necessity for the full enjoyment of the apartments leased to Bloeser. Construing the lease according to its terms and the situation of the apartments devised, it is quite clear that the intention of the parties was to do what the lease in terms state, that is to devise the basement and first floor of the building, and nothing more; this would give Bloeser no interest in the land beyond that directly connected with the leased apartments, and the letting was of apartments and not of land. McMahon v. Vickery, 4 Mo. App. 225; Bank v. Baston, 118 Mass. 125; Kerr v. Merchants' Exchange, 3 Edw. Ch. 316; Harrington v. Watson, 11 Ore. 143; Winton v. Cornish, 5 Ohio, 477. We have not been cited to, nor have we been able to find any case wherein it is held that a mechanics' lien can be maintained on a part of an entire building, as was attempted to be done in this case; on the contrary it was

expressly held in Wright v. Cowie, 5 Wash. 341, under a statute similar to ours, that this can not be done, and in our own state in McMahon v. Vickery, *supra*, and in Deatherage v. Sheidley, 50 Mo. App. 490, it is incidentally decided that it can not be done. To my mind, giving section 6708, Revised Statutes, which is invoked in support of plaintiff's lien, the most liberal and expanded construction, it furnishes no authority for a mechanics' lien upon one apartment of a building, containing several apartments, held and occupied separately by different tenants, or separately by the owner and a tenant, or tenants. The ruling of the learned circuit judge in rejecting the lease and lien paper as evidence for the establishment of a mechanics' lien are approved, and the judgment is affirmed. All concur.