# Philadelphia, Appellant, v. Bergdoll.

*Negligence—Sidewalks—Defects — Injury to pedestrians — Recovery against city—Action over against property owner—Tenant in possession—Constructive notice—Judgment for defendant n. o. v.*

1. The facts adequate to sustain a finding that a municipality had constructive notice of the dangerous condition of a sidewalk, may be entirely insufficient to justify such a conclusion in the case of an owner when the property in question is leased to and in the exclusive possession of a tenant.

2. In an action by a city against a property owner to recover damages paid by the former to a pedestrian for injuries sustained in a fall occasioned by the icy condition of the sidewalk in front of the defendant's property, where such recovery had been had against the city on evidence of constructive notice of the condition through its existence for a period of ten days prior to the date of the accident, judgment for defendant n. o. v. was properly entered, where it appeared that at the time of the accident the premises were occupied by a tenant, that no actual notice of the condition of the sidewalk was brought to the defendant, nor was there any evidence that defendant or her agent had visited the house or were in its neighborhood at any time during the continuance of the nuisance,

or that she had at any time seen or should have seen or known of the dangerous condition of the sidewalk, or any other evidence to justify an inference of notice to her.

Argued Jan. 18, 1916.   Appeal, No. 304, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1914, No. 308, on directed verdict for defendant in case of City of Philadelphia v. Emma C. Bergdoll.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCH-ZISKER and FRAZER, JJ.   Affirmed.

Trespass to recover from defendant the amount of a judgment paid to an injured pedestrian.   Before AUDEN-RIED, P. J.

The facts appear by the opinion of the Supreme Court.

On the trial, the trial judge directed a verdict for the defendant.   Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for the defendant.

*Thomas Boylan,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, and *Paul Reilly,* Assistant City Solicitor, for appellant, cited: McLaughlin v. Kelly, 230 Pa. 251; New Castle v. Kurtz, 210 Pa. 183; Lohr v. Philipsburg Boro., 156 Pa. 246; Ashley Boro. v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425; Waterbury v. Waterbury Traction Co., 74 Conn. 152; Brookville Boro. v. Arthurs, 130 Pa. 501; Koch v. Hinkle, 35 Pa. Superior Ct. 421; Metzger's Est., 242 Pa. 69.

*R. Stuart Smith,* for appellee, cited: New Castle v. Kurtz, 210 Pa. 183; Lindstrom v. Penna. Co. for Ins. on Lives & Granting Annuities, 212 Pa. 391; Ashley Boro. v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425.

OPINION BY MR. JUSTICE MOSCHZISKER, March 6, 1916:

The material facts here involved are sufficiently stated

in the following excerpt from appellant's history of the case: "On December 17, 1910, John Hibberd was injured as a result of a fall on an ice-covered sidewalk in front of 2209 South Sixty-seventh street, Philadelphia. This property belonged to Emma C. Bergdoll. Hibberd brought suit against the City of Philadelphia, and, on October 16, 1913, secured a verdict for $3,500. The ground of his recovery was that the city had negligently permitted an accumulation of ice and snow to be and remain upon the pavement in question. No actual notice of the defective condition of the sidewalk was brought home to the city, but there was evidence of constructive notice (through the existence of the nuisance for a period of ten days). Judgment was entered upon the verdict and the city appealed to the Supreme Court, where the judgment was affirmed (Hibberd v. Philadelphia, 245 Pa. 265). The city paid to Hibberd the amount of his verdict, with interest and costs. During the pendency of Hibberd's suit, and before trial, the city caused a notice to be served upon Emma C. Bergdoll, the owner of premises 2209 South Sixty-seventh street, warning her to come in and defend said suit, as the city would look to her for reimbursement in the event of a recovery by Hibberd against the municipality. After paying the amount of the Hibberd judgment and costs, the city brought a suit in trespass against Emma C. Bergdoll for reimbursement of the loss to which it was subjected as a result of Hibberd's accident. The action-over came on for trial on May 10, 1915. It was agreed between the parties that the record in the case of Hibberd v. City of Philadelphia should be admitted in evidence, and that the notes of testimony at that trial should be considered as part of the testimony before the jury. It was also agreed that the city had paid the amount of Hibberd's judgment, that Mrs. Bergdoll had been notified to come in and defend the Hibberd suit, and that the amount of the city's claim, if entitled to recover, was $3,879.45, as of May 10, 1915, the date of trial. The defendant of-

fered in evidence a lease (dated April 26, 1909) for 2209 South Sixty-seventh street, from Mrs. Bergdoll to one W. Jeffrey, as tenant, and it was agreed that this tenant was in possession of said premises (under said lease) at the time of Hibberd's accident (and had held possession continuously from the date of the lease). The city and the defendant each submitted a point for binding instructions. The city's point was declined, the defendant's point was affirmed, and under instructions from the trial judge the jury returned a verdict in favor of the defendant. The city then moved for judgment non obstante veredicto, and its motion was dismissed. From the judgment entered upon the verdict in favor of the defendant the city has taken this appeal, and contends that it is entitled to judgment non obstante veredicto."

While the judgment against the city may conclude Mrs. Bergdoll so far as the facts relating to the slippery condition of the pavement, the injury to Mr. Hibberd, his due care at the time of the accident, and the amount of the damages suffered by him, are concerned, yet she was not estopped thereby from showing at the trial of the case against her that, under the circumstances involved, she, individually, had not been guilty of any act of negligence toward the injured man. In other words, granting that the judgment against the city is conclusive in the present case as to every fact directly or necessarily involved in the prior suit, yet such judgment cannot be extended as a definitive adjudication beyond the issues necessarily determined by it; therefore, Mrs. Bergdoll was not precluded from relying upon any defense which, while relevant to her, yet could not have been introduced in the action against the city. As a matter of fact, the present defendant took no active part in the prior trial, but, even had she done so, the issues there involved could not have been extended so as to comprehend the prime point upon which the trial under review turned, i. e., lack of notice to the owner, for such a defense would have been entirely irrelevant in the case

against the city.   Since there was no attempt to prove
actual notice to Mrs. Bergdoll, or to show circumstances
indicating knowledge on her part concerning the fact of
the snow upon the pavement—the property in question
being in the possession of a tenant—the owner lacked
notice of any nature concerning the dangerous condition
of the sidewalk; hence, under the circumstances, she
could not be held guilty of neglect of duty in not remedy-
ing it.   Judge ORLADY well discusses the principles just
referred to in Fowler v. Jersey Shore Boro., 17 Pa. Su-
perior Ct. 366, 372-3; also see Philadelphia v. Vare, 245
Pa. 178, 180.

Facts adequate to sustain a finding that a municipal-
ity had constructive notice of the dangerous condition
of a pavement, may be entirely insufficient to justify
such a conclusion in the case of an owner, when the prop-
erty in question is leased to and in the exclusive posses-
sion of a tenant.   While it was proved in the case against
the city that the dangerous condition of the pavement
had existed for at least ten days before the accident,
and, on this showing, the jury very properly were per-
mitted to find that the municipality had constructive
notice thereof, yet, on the trial under review, no express
notice of the dangerous condition of the pavement was
brought home to Mrs. Bergdoll, who was an owner out
of possession, and no facts were proved from which con-
structive notice to her could have been found; the prop-
erty was occupied by a tenant, and it was not proved
that the landlady, or her agent, had visited the house,
or were in its neighborhood, at any time during the con-
tinuance of the nuisance which caused the accident, or
that she had at any time seen, or should have seen or
known of, the dangerous condition of the pavement, nor
was anything else shown to justify an inference of no-
tice to her.

Many authorities have been cited to us, but it seems
necessary to notice only a few of them.   New Castle v.
Kurtz, 210 Pa. 183, 187, was a case like the present,

where a municipality sued the owner of a property to recover damages which it was obliged to pay to one who had been injured by falling upon an icy pavement. We there said, referring to the defendants: "They were owners of the properties, and the tenants were and had been for many years the actual occupiers of them. The accident was not caused by the bad condition of the pavement, or its want of repair, but by a sudden accumulation of ice......Whatever the duties of the tenants to keep the pavements free and clear of ice may have been, the appellees (owners), out of possession, with the pavement in proper repair, ......were not bound to keep watch and guard over the pavement to prevent the formation of ridges of ice upon it, and, if so, they cannot be held liable for an injury consequent upon a sudden accumulation of ice there." While the effect of a municipal ordinance is referred to in the Kurtz case, yet our decision turned really on the fact that the owners of the property had no notice of the defective condition of the pavement.

Ashley Boro. v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425, 427, 431, is an instance where recovery was allowed by a borough against a property owner of an amount which the former had been obliged to pay to one injured by a fall on the pavement in front of the latter's premises. It was not a snow and ice case, but one where the sidewalk had been out of repair and in a dangerous condition for several years prior to the accident, and where the owner had failed to remedy the fault after express notice from the borough so to do. A municipal ordinance was proved which particularly provided that it should be the duty of all owners to keep their sidewalks in repair, and we held that, in view of this ordinance, and the notice to the defendant, he had failed in his duty and recovery could be had against him. The Ashley case was affirmed per curiam, but the opinion of the court below, which is printed in the report, expressly recognizes "The general rule is that when

premises are in good repair at the time they are let, and the landlord is not bound by the lease to keep them in repair, the tenant in possession, and not the landlord, is liable for an injury resulting from failure to repair the pavement in front of the premises," adding, "A tenant in possession may reasonably be held, from his going in and out of the premises, to have notice of an obstruction in the pavement in front of them as soon as it exists; but not so the landlord, who may not even live in the same town or city, or, if living in it, far away from the property occupied by his tenant." The opinion in this Ashley case properly explains the controlling difference between it and the Kurtz case, and why a recovery was not allowed in the one and permitted in the other, when it says, "It is plain, however, that the controlling consideration in that (Kurtz) case was the absence of notice to the owner,......while the distinguishing consideration in this (Ashley) case is the presence of that very notice, which preserved between the borough and owner the liability basis."

Finally, the language employed in the discussion of each particular case must be considered with reference to the peculiar facts there involved; and the duty of a landlord under a state of facts such as shown in McLaughlin v. Kelly, 230 Pa. 251, 256, where a standing defect in a pavement, the origin of which antedated the lease, was permitted to continue, although the owner regularly visited the premises during the occupancy of his tenant, and thus was put upon notice, is quite a different matter from the duty of an owner out of possession, in a case like the present, where a mere accumulation of snow and ice caused a transient danger to arise, and where there was no evidence of facts from which even constructive notice to the landlord could be found; and this distinction must be kept in mind in considering what is said in the McLaughlin case concerning the duty of a landlord to take notice.

It is unnecessary to discuss or determine what, if any,

right Mrs. Bergdoll, as owner of the property, would have had, to go upon the premises and remove the snow, while the house was in the occupancy of her tenant, had she received due notice of the dangerous condition of the sidewalk, for, as previously noted, there was no proof of notice to her—constructive or otherwise; we take occasion to state, however, that we see nothing in the present lease to differentiate this case from the ordinary one of a property in the exclusive possession of a tenant. It may also be well to note, before concluding this opinion, that the only ordinance here placed in evidence provides that it shall "constitute and be a nuisance to suffer or permit snow to remain more than six hours after the same may cease to fall on a paved footway......and the occupier, or the owner of such premises if unoccupied, shall be liable......" (for a penalty in the case of a breach of the ordinance). This ordinance, if it proves nothing more, at least shows a declaration by the proper municipal authorities to the effect that it is the duty of the occupiers of real estate in the City of Philadelphia to clean snow from their sidewalks and that it becomes the duty of owners so to do only when property is unoccupied. With this announced attitude of the city before him, an owner of real estate, out of possession, would naturally feel that he could safely look to the "occupier" thereof to keep the sidewalk clear of snow; and, in a case like the one at bar, where there is an absence of evidence indicating a special obligation upon, or express undertaking by, the owner to clear away snow, or showing visits by her to the property in question at the time of the existence of the nuisance created by the snow, or indicating other circumstances from which knowledge thereof on her part could reasonably be inferred, she could not be held to have had constructive notice of the dangerous condition of the sidewalk from mere lapse of time, as was the city in the suit against it.

The assignments of error are overruled and the judgment is affirmed.