## Koplo and Koplo, Appellants, *v.* Ettenger.

*Landlord and tenant—Lease of storeroom—Right to lease adjoining pavement—Construction of lease.*

In an action of assumpsit for money had and received, it appeared that the plaintiff was lessee of a storeroom in the corner of a building. It also appeared that the landlord had leased to a third person the right to conduct a lunch counter on the sidewalk adjoining the storeroom. It was for the rents collected under this lease that the action was instituted.

*Held,* that a lease of a particular room in a building did not carry with it an interest in land beyond that of the particular room. Such a lease gave the lessee no rights outside of the one room and the cellar, except such as were plainly included in the leased premises as appurtenant thereto, or a part thereof, either because they were really necessary to the beneficial enjoyment of the demised property for the purpose for which it was leased, or because it was manifest from the condition and situation of the property that it had been designed for the benefit of the particular premises demised.

Argued October 15, 1924. Appeal, No. 56, Oct. T., 1924, by plaintiffs, from the judgment of the Municipal Court of Philadelphia, August T., 1923, No. 639, in favor of defendant on questions of law raised in the affidavit of defense in the case of Irving Koplo and Henry Koplo v. William Ettenger. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for moneys had and received. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

On questions of law raised in the affidavit of defense the court decided in favor of the defendant. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*Harry J. Gerber,* for appellants.—The plaintiffs were entitled to the use of the exterior walls of the store and basement: Lowell v. Stratton, 145 Mass. 1; Baldwin v. Morgan, 43 Hun. 355; Scott v. Optical Company, 38 Pittsburgh L. J. 368; Hele & Sattler v. Stewart & Albrecht Co., 19 W. N. C. 129.

*Samuel A. Goldberg,* and with him *Wolf, Patterson, Block & Schorr,* for appellee.—The plaintiffs acquired no rights outside the room and cellar, except such as plainly were included in the leased premises as appurtenant thereto: Cunningham v. Entrekin, 3 Dist. 291; Hele & Sattler v. R. K. Stewart & Albrecht Co., 19 W. N. C. 129; McMillan v. Solomon, 42 Ala. 356; Shawmut National Bank v. City of Boston, 118 Mass. 125; Raynes v. Stevens, 219 Mass. 556; Seidel v. Bloeser, 77 Mo. App. 172; Riddle v. Liddlefield, 53 N. H. 503; Stahl and Jaeger v. Satenstein, 233 N. Y. 196.

OPINION BY HENDERSON, J., February 27, 1925:

The defendant filed an affidavit of defense in the nature of a demurrer to the claim of the plaintiffs on which state of pleadings judgment was entered in favor of the defendant, and from that action this appeal was taken. The defendant was the owner of a three-story brick building at the northeast corner of 8th and Filbert streets in Philadelphia which he had acquired on January 27, 1920, by conveyance from Maurice A. Lieberman and others. Prior to this date, Lieberman and the other owners of the building had leased a part of it to the plaintiffs, which lease the lessors transferred to the defendant when he purchased the property from them.

By this lease the plaintiffs became the tenants of "all that certain southern or corner portion of the store and basement of premises situate and known as the northeast corner of 8th and Filbert streets, for and during a period of six years and three months from the first day of March, 1918." The premises thus leased constituted the southern part of the first floor and the basement thereunder. The front of this room was on 8th Street. It is averred in the statement of claim as the cause of action that "the said defendant did on or about the first day of February, A. D. 1920, seize and possess himself of the southern wall and sidewalk of the said store for his own separate use and behalf, and having seized and possessed himself of the said southern wall and southern sidewalk continued in occupation and enjoyed the benefit thereof from that date to the date when the action was brought—a period of about forty-three months." It was further averred that the defendant leased to a third person the privilege of conducting a lunch counter and stand for the sale of cigars, confectionery, soft drinks, etc., on the sidewalk on the Filbert Street side of the said building, and that he received a monthly rental of $50 therefor during the time above stated. The plaintiffs' assertion in the statement of claim and their present contention is that in leasing the room described they acquired the exclusive right to the use of the outside wall of the building and the sidewalk adjacent thereto; that the act of the defendant giving the permission complained of was disseisin pro tanto, and that they are entitled to recover from the defendant the amount which he had received from the occupant of the stand. It is not alleged that there was an entrance to the demised room from the Filbert Street side; on the contrary it appears in the discussion of the case that that was a blank wall; nor is it alleged that the enjoyment by the tenants of the leased room was interfered with or impaired. The case rests on the implication that by acquiring a term in the southern portion of the first floor

of the building, the tenants acquired possession of the exterior of the southern wall and the sidewalk. The learned trial court held in a convincing opinion that the contract does not support that construction, and we are in accord with that conclusion. It is not made to appear that the outside of the wall and the sidewalk were necessary to the beneficial enjoyment of the demised property for the purpose for which it was leased. The tenants carried on a shoe repair shop and their customers necessarily entered the premises from 8th Street. There was not anything in the nature of the plaintiffs' business or of the relation of the room they occupied to the building and the adjacent streets from which it would be manifest that from such condition and situation the outside of the wall and the sidewalk had been appropriated for the benefit of the room leased. There were other tenants in the building who were interested in the south wall to the same extent as were the plaintiffs, inasmuch as the wall necessarily supported the second and third floors. The other tenant on the first floor was interested in the existence of the south wall, but the interest of neither of these tenants extended to the surface of the exterior walls and particularly not to the sidewalk. The plaintiffs' lease prohibited the use of the walls for the purpose of exhibiting signs and this is the only use to which the exterior could have been applied for there was a prohibition against subletting. We regard it as the law settled by a strong preponderance of authority that a lease of distinct rooms in a building does not carry an interest in the land beyond that connected with the enjoyment of the particular room; that the room was the thing leased and that the destruction of the building would necessarily terminate the lessee's interest therein. This is the law as declared in Shawmut National Bank v. City of Boston, 118 Mass. 125, in which a building was destroyed by fire. In the case of Raynes v. Stevens, 219 Mass. 556, there was a lease of a part of a floor and the cellar beneath it, on which state of fact

the court said : "This gave the plaintiff no rights outside of the one room and the cellar except as such plainly were included in the leased premises, as appurtenant thereto, or a parcel thereof, either because they were really necessary to the beneficial enjoyment of the demised property for the purpose for which it was leased, or because it was manifest from the condition and situation of the property that they had been designed for the benefit of the particular premises demised." The same rule was stated in Seidel v. Bloeser, 77 Mo. App. 172, and applied in McMillan v. Solomon, 42 Ala. 356. We held in Paxson and Comfort Co. v. Potter, 30 Pa. Superior Ct. 615, that the rule that the destruction of a building by fire does not absolve the lessees from liability for rent, does not apply to the case of a demise of an apartment in a building. In such a lease the tenant does not acquire a right to the possession of the land. In such a tenancy there is no understanding either by landlord or tenant that an estate in the land upon which the building is erected is granted. No more can the lease in question be construed to give possession of land outside of the walls of the building in a public street. The cases relied on by the appellant are with one exception cases involving the right to put signs on the outside of the demised premises. They are not in support of the contention now presented by the appellant. We regard it as a practically conclusive construction of the contract by the plaintiffs that they continued to pay rent monthly in accordance with the terms of the lease without objection as to the alleged intrusion of the defendant for a period of three years and a half. They were certainly not paying from month to month the rent agreed on with the understanding on their part that they had been dispossessed as to a part of the thing the lease gave them. They do not undertake to show that they expressly acquired a right to the use of the sidewalk, nor is it clear that the occupant of the fruit stall did more than place his counter beside the wall. In any aspect of the case

we are unable to find a right in the plaintiffs of which they have been deprived or the basis of a cause of action as asserted in the statement of claim.

We deem it unnecessary to enter into a consideration of the ability of the appellants to maintain the action of assumpsit if any cause of action exists. They allege a trespass and disseisin by the plaintiffs and it would be difficult to sustain the contention that assumpsit will lie on the facts alleged. We prefer however to rest the case on the ground stated in the opinion of the learned trial judge.

The judgment is affirmed.