# City of Butler *v.* Western Union Telegraph Company, Appellant.

*Negligence—Icy sidewalks—Judgment against municipality—Suit over against tenant—Landlord and tenant—Premises occupied by landlord—Ordinance—Construction of.*

In an action of trespass by a municipality to recover the amount of a judgment paid by it in a suit of one injured by falling on an icy sidewalk in front of a two story building, it appeared that de-

fendant occupied the basement and the store room fronting on the street, and that the owner occupied the remainder of the building with access to the sidewalk from the front of the building. By the terms of the lease between the owner and the defendant the former retained control of the building and agreed to make repairs. The icy sidewalk resulted from a defect in a rain spout on the outside wall of the building, of which the owner had exclusive control. There was no evidence that the injured person was transacting business with the defendant.

Under such circumstances the defendant was not liable over to the municipality and judgment for the latter will be reversed.

A lease of distinct rooms in a building does not carry the interest in the land beyond that connected with the particular room.

The owner, who resides on the land, remains liable for its condition, though the tenant occupies part of the building. In such case the rule that the tenant in possession and not the landlord is liable for an injury resulting from a defective pavement is not applicable.

An ordinance which provided that "All owners *or* occupants of lots of land" shall remove or cause to be removed all snow and ice from the sidewalk in front of their lot, tenement or place of business did not impose any civil liability upon the defendant. Such ordinance, reasonably construed, imposes liability only upon the party in control of the premises.

Argued April 16, 1928. Appeal No. 1543, April T., 1928, by defendant from judgment of C. P., Butler County, June T., 1927, No. 52, in the case of City of Butler v. Western Union Telegraph Company. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

Trespass by a municipality to recover amount of judgment paid by it in a suit of one injured by falling on an icy sidewalk. Before Henninger, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,043.43 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Edward Schreiner,* and with him *Zeno F. Henninger,* for appellant.

*John H. Wilson,* for appellee.

Opinion by Linn, J., July 12, 1928:

The question is whether the city can recover the amount of a judgment paid by the city in the suit of one injured by falling on an icy sidewalk in front of the building, from the tenant of part of a building, which was also occupied and controlled by the owner. The affidavit of defense denied liability on the ground that the icy condition resulted from "a defective rainspout on the outside of said building, over which defendant had no control and was not bound to repair, the same being located on a part of the premises not leased by and not under the control of defendant."

The lease from the owner to the defendant described the leasehold as follows: " . . . . . . the ground floor front room, 18 x 55 feet in size, and the cellar of same size, situated in building located at No. 114 Jefferson Street . . . . . . with appurtenances . . . . . .," the owner to supply water, artificial light and heat, and agreeing "to keep said premises in good and tenantable condition, repair walls, floors, etc., and paint or paper walls and ceilings when necessary; but the [defendant] is to repair any damage to walls, glass or woodwork caused by negligence, carelessness or waste of its agents or employes." The room was to be occupied as a telegraph office. The lease provided that if the building or the part leased be destroyed, or become untenantable for any cause, the defendant may surrender possession without further liability.

It was a two-story brick building. The leased room was entered from the street front by a door "one step above the sidewalk." In addition to this front room, which did not take up the entire street frontage, there was a frontage described in the evidence as meas-

uring between 6 and 7 feet, in which there was a door from the sidewalk entering into a hallway, furnishing access to a first floor hall, and thence by stairway to the second floor of the building. A witness for plaintiff testified that the owner occupied "the entire second floor and about seven feet of the first floor,"—referring to the hallway—extending back "six or seven feet" from the front of the house. The water from the roof was collected and discharged into a downspout or pipe fastened to the outside of the building and extending from the roof down to the sidewalk, and discharging into the street at the curb by means of a pipe under the sidewalk. It appears that a long time before the accident, but during the tenancy, a hole was made in this upright pipe and that as water passed through the pipe a portion of it was discharged through this hole and flowed over the sidewalk. For several days before the accident for which the city was held liable this water had frozen on part of the sidewalk in front of the room leased.

The record of the suit against the city was offered in evidence, and established the existence of the nuisance, that the injured person was not guilty of contributory negligence, and the extent of the damage, the defendant having had notice of the trial with opportunity to appear and defend: Phila. v. Bergdoll, 252 Pa. 545, 548; City of Bradford v. Barry, 254 Pa. 303, 306. But the record of that trial did not establish that defendant was responsible for the nuisance. It, therefore, became necessary to a recovery in this suit, to show that defendant owed some duty which had not been performed, the breach of which caused the damage.

As we understand it, the trial court held defendant responsible, not by applying the general rule that an occupant of land abutting on the street is liable to third persons, but on the ground that defendant was

within the provisions of an ordinance imposing liability.

Appellant claims immunity on the ground that the owner was in possession and in control of the building, and that appellant was merely a tenant of part of the interior, and that the nuisance resulted from a structural defect on the exterior, which it was the duty of the owner to repair, and with which the defendant had neither right nor duty to interfere. It also denies that it is within the scope of the ordinance.

We shall consider both branches of that defense. The general rule at common law is that the occupant of land, whether owner or lessee, is held responsible for its condition. Bears v. Ambler, 9 Pa. 193; Reading v. Reiner, 167 Pa. 41, 43. It is also settled that "...... when premises are in good repair at the time they are let, and the landlord is not bound by the lease to keep them in repair, the tenant in possession, and not the landlord, is liable for an injury resulting from the failure to repair the pavement in front of the premises"; Lindstrom v. Penna. Co., 212 Pa. 391, 393. As the owner in this case resided on the land, she is not within the rule of immunity applied in Lindstrom v. Penna. Co., but remains liable even though a tenant occupied part of the building. The inquiry then becomes whether the tenant of the front room and basement is also liable. There is no evidence that the tenant has failed to perform any obligation to his lessor. The owner occupied the building and by the terms of the lease retained control of it and agreed to repair. The icy sidewalk resulted from a defect in a structural appliance on the outside wall of the building, of which the owner had exclusive control.

The reason for holding a tenant and exempting an owner who is not in possession is that the occupant in control of land and improvements may reasonably be

said "from his going in and out of the premises" to have notice of an obstruction or defect in a sidewalk in front of the land, while non-residence of an owner is inconsistent with such probability: Phila. v. Berg-doll, 252 Pa. 545, 551. That reason for exempting the owner is absent here. Moreover, the tenant acquired no right to possession of any land outside the room and basement. In Koplo v. Ettenger, 84 Pa. Superior Ct. 358, 361, we said, "We regard it as the law settled by a strong preponderance of authority that a lease of distinct rooms in a building does not carry an interest in the land beyond that connected with the enjoyment of the particular room; that the room was the thing leased and that the destruction of the building would necessarily terminate the lessee's interest therein." No possessory interest in the sidewalk was or could be conferred on the tenant by the owner because the sidewalk is part of the street, though set aside for pedestrians. It is not suggested that the tenant had anything whatever to do with the formation of the ice on the sidewalk, nor was the injured person transacting any business with the defendant.

It would seem therefore that as the owner was in possession and had agreed to repair (16 R. C. L. p. 1064, Sec. 585, notes 16-17) and had retained control of the building (16 R. C. L. p. 1083, Sec. 600 and notes 4 to 9), that no basis for the tenant's liability existed, unless it be found in the ordinance. This ordinance was treated below as creating the obligation to pay; it was not offered as relevant with other evidence of defendant's negligence, (cf. Murphy v. P. R. T. Co., 285 Pa. 399, and cases cited p. 403) for there was no evidence of such negligence.

The pertinent part of the ordinance is as follows: "It shall be the duty of all owners or occupants of lots of land and all persons having the charge or care of any church, schoolhouse or public buildings fronting

upon any of the streets of Butler Borough, to remove
or cause to be removed all snow, ice or sleet from the
sidewalks in front of their lot, residence, tenement,
place of business, church, schoolhouse or public build-
ings, within twelve hours after said snow shall have
fallen, or said ice or sleet accummulated, and to keep
the same clear from snow, ice and sleet.'' We are not
advised by the record, what, if any, penalty was im-
posed by the ordinance, though it is obviously a penal
ordinance enacted under the police power, and not one
attempting to create a civil liability: Phila. & Reading
R. R. Co. v. Ervin, 89 Pa. 71, 75.

It will be observed that the duty of removing ice is
imposed on ''owners *or* occupants of lots of land and
[on] all persons having the charge or care of any
church, school house or public building, fronting'' on
any street. The general words ''all persons having the
charge or care of any church,'' etc., indicate that by
the words ''owners or occupants'' the lawmaker in-
tended to impose the duty on the person in control and
not on all persons who might be occupants of parts of
any such building. A reasonable construction must be
given to the ordinance, and it would not be reasonable
to hold that every tenant in or occupant of such build-
ing also occupied by and in control of the owner, was
an occupant required to remove ice from a front side-
walk or indemnify the city for resulting damage.

And it is to be noted that the duty is imposed on
''owners *or* occupants'' and not on both, and there is
a reason for distinguishing between them, for the use
of the disjunctive would indicate that the lawmaker
was mindful of the common law rule above stated
(holding the occupant of land liable for its condition)
and in this ordinance wished to distinguish between
an owner out of possession and to exempt him, and
to penalize only the party in possession, whether
owner or occupant for the moment, in control of the

premises (page 552 of Phila. v. Bergdoll cited above).

In his opinion refusing judgment n. o. v. the trial judge inadvertently repeats the ordinance as providing that "It shall be the duty of all owners *and* occupants of land." But the conjunction *and* is not used, and this is not a case where *or* should be read *and*: Steinruck's Insolvency, 225 Pa. 461, 464; 20 P. & L. Digest, 35132. The disjunctive was obviously used with a purpose for the reason indicated and no reason suggests itself for changing *or* to *and*. Now as the owner of the premises fronting on the icy sidewalk occupied and controlled them, and defendant was an occupant merely of a room and basement in the house, and as the general words of the ordinance indicate an intention to impose a duty on the person in control, we are of opinion that defendant is not within the provision of the ordinance; we note in passing that no authorities are cited in appellee's brief to support the conclusion reached below.

Judgment reversed and here entered for defendant.