## Bruder v. City of Philadelphia et al.

*Murphy & Levy*, for plaintiff.

*Israel K. Levy* and *Harry S. Platowsky*, Assistant City Solicitors, for City of Philadelphia, defendant.

*Louis Wagner*, for American Stores Company, additional defendant.

*C. B. Rhoads* and *Lawrence M. C. Smith*, for Samuel Finberg and Elizabeth A. Brick, additional defendants.

KUN, J., June 23, 1930.—On May 22, 1925, the plaintiff was injured by falling into an alleged defect in the pavement in front of No. 5027 Market Street,

which is the northwest corner of Market and Farson Streets, in the City of Philadelphia, on which account he filed suit against the City of Philadelphia to recover damages. The City, by *sci. fa.* proceedings, brought in the American Stores Company, lessee of the store occupying part of the first floor of the premises, and Samuel Finberg and Elizabeth A. Brick, owners of the property as tenants in common, as additional defendants. By stipulation filed of record, liability was admitted on the part of the City to the plaintiff in the sum of $2510, and the question of liability over to the City on the part of the additional defendants, or any of them, was submitted to the court for determination.

The proofs show that the lease from the predecessor in title of the premises to the American Stores Company, which was assigned to the additional defendants, Finberg and Brick, the present owners, was for "All that certain premises situate and known as the store only and portion of basement" of the premises in question. The proofs further show that the frontage of the entire property is on Market Street about 17 feet, and the depth along Farson Street about 77 feet; that the "store only" rented to the American Stores Company has a depth of 31 feet along Farson Street, beyond which there is a hallway of about 4 feet leading to apartments on the second and third floors and to an apartment in the rear of the first floor, which extends about 25 feet along Farson Street, in the rear of which there is a yard to the end of the property line.

The proofs also show that the apartment at the rear end of the first floor and those on the second and third floors were occupied by tenants or held for rental to tenants by the owners of the building, Finberg and Brick. The defect in the pavement is shown to have been somewhere near the entrance to the corner store of the American Stores Company.

It is well settled that the owner of premises in possession is liable for damages caused by any defect in a sidewalk of the premises, and it is equally well settled that if the owner is out of possession because of a lease or otherwise, such liability ceases and the tenant or occupier is liable for damages resulting from defective sidewalks. Where, however, "a landlord leased a building piecemeal—room by room and floor by floor—there the tenant was only lessee of and responsible for so much of the building as the lease gave him. He could make use of the appurtenances, as, for instance, the entry and stairway going up to the upper floors, and the pavements; but still, not being in exclusive possession of such ways and appurtenances, . . . it would be the duty of the landlord to keep those portions of the building and premises in repair."

This was the language used by Yerkes, J., of the Court of Common Pleas No. 3 of this county, in the first case in which the question seems to have been raised in this Commonwealth and was affirmed by the Supreme Court in the following language: "The tenant had no such possession of the premises as to exempt the landlord from liability for damages caused by the pavement being out of repair. The duty of repairing the pavement was on the landlord who was the owner of the premises:" Brown *v.* Weaver, 17 W. N. C. 230.

This principle of law has been repeatedly reaffirmed in this state, as the late cases of Koplo *v.* Ettenger, 84 Pa. Superior Ct. 358, and City of Butler *v.* Western Union Telegraph Co., 93 Pa. Superior Ct. 533, show, notwithstanding the lease in the latter case was for "the ground floor front room . . .

in building located at No. 114 Jefferson Street, . . . with appurtenances;" whereas in the case now before the court, the subject-matter of the lease was specifically restricted to the "store only and portion of the basement." If there had been any possible basis in the Western Union case upon which to hold the tenant of the store only liable when the rest of the property was leased to others, it would have been hung on the circumstance that the store was leased "with appurtenances," but the Superior Court ignored that fact entirely, and, while the effect of the use of the words "with appurtenances" was not directly considered, yet the reason for the ineffectiveness of those words to put the liability on the tenant in such a case may be found in the statement of the court (page 538) : "No possessory interest in the sidewalk was or could be conferred on the tenant by the owner, because the sidewalk is part of the street, though set aside for pedestrians."

The reason why a lessee of an entire building is liable in such a case as this is not because the pavements, as such, are leased to him, but, as stated by Judge Linn in the Western Union case (page 537) : "The reason for holding a tenant and exempting an owner who is not in possession is that the occupant in control of land and improvements may reasonably be said, 'from his going in and out of the premises,' to have notice of an obstruction or defect in a sidewalk in front of the land, while non-residence of an owner is inconsistent with such probability," citing Philadelphia v. Bergdoll, 252 Pa. 545, 551. As has been stated, however, this does not apply where the landlord has possession of part of the premises, whether in person or through other tenants.

Our attention has been called to a recent decision of Judge Stern in the case of Zibman. v. Fidelity-Philadelphia Trust Co., etc. (C. P. No. 2, March Term, 1927, No. 12137). The facts in that case are clearly distinguishable from those involved in the case before us. From the terms of the lease in that case, Judge Stern concluded that the sidewalks were leased to the tenant of the first floor store, which imposed upon him the duty of keeping them in repair. That was the basis of the decision. The question whether sidewalks may be leased by a landlord to a tenant does not arise in the case before us, as we are quite clear that there is nothing in the lease under consideration to indicate such an intent or to warrant such an implication.

It is clear to the court that there is no liability over in the case before us on the part of the tenant of the store only, the American Stores Company, to the original defendant, the City of Philadelphia, under the common law, under which, on the other hand, the liability over to the original defendant, the City of Philadelphia, is on the additional defendants, Finberg and Brick, owners as tenants in common of the premises which had been rented by them to various tenants.

There is another contention in the case: that if the American Stores Company is not liable over to the original defendant under the common law, it is, under the terms of its lease for the store and basement, because it is provided in paragraph 28 thereof that the lessee "shall be responsible for the condition of the pavement and . . . shall be solely liable for any accidents alleged to be due to their defective condition." This clause, however, is "applicable only when an entire building is leased to a single tenant or when a first floor is leased to lessee." The argument is hung on the last portion of the clause "or when a first floor is leased to lessee." The contention might be dismissed because it cannot be properly adjudicated in this proceeding. If there is liability on the tenant, the American Stores Company, under the lease, it is as between it and the owners or lessors. The liability would arise by reason of

the contract between them, and the defendant, City of Philadelphia, not being a party to it, cannot claim a liability over to it by reason thereof. As has been shown, under the common law, the liability over to the City of Philadelphia, original defendant, is on the part of Finberg and Brick, the owners of the building, additional defendants.

If the owners, Finberg and Brick, should conceive that the American Stores Company is liable over to them under the terms of the lease, they will have to raise that question by suit for reimbursement. It may not be amiss, however, to indicate the view of the court that there is no liability for defective pavement on the part of the American Stores Company, the tenant of the store only, to the lessors, under the terms of the lease referred to. The lease reads that the lessee shall be liable for such defect "only . . . when a first floor is leased to lessee." To make this apply to the instant case, it would be necessary for the court to read into the clause the words "or a portion thereof," so that it would read "when a first floor or a portion thereof is leased to lessee," followed by the implication that the lessee would be liable for defects in that part of the pavement in front of the portion he may have leased. Undoubtedly, the lessor can impose liability on the lessee by express agreement with the lessee contrary to that which the law imposes, but when such an effort is made, it must be clear, unambiguous and free from doubt. In such a situation the language of the agreement must be strictly construed, and if there is any doubt or ambiguity in it, it must be resolved against any extension of the common law liability. Taking into consideration the language of the entire paragraph in question, it is clear to the court that it was intended thereby to impose liability on the lessee for defective pavements only in case, as clearly stated therein, the entire building were rented to a single tenant (in which case, indeed, the law imposes the liability on the tenant), and the legal liability was extended by the agreement to a case in which a single tenant should occupy the entire first floor of the premises. It is the opinion of the court that, under the provisions in the lease referred to, the lessee of but a portion of the first floor is not liable for any defects in the pavement.

The court concludes as follows—

1. In accordance with the stipulation filed of record the prothonotary is directed to enter a verdict and judgment thereon in favor of the plaintiff, Joseph A. Bruder, against the City of Philadelphia, defendant, in the sum of $2510.

2. The point for finding on behalf of the defendant, City of Philadelphia, as to Samuel Finberg and Elizabeth A. Brick, additional defendants, is affirmed. The prothonotary is directed to enter a verdict in favor of the City of Philadelphia against Samuel Finberg and Elizabeth A. Brick, additional defendants, in the sum of $2510. Exception noted.

3. The point for finding on behalf of the City of Philadelphia against the American Stores Company, defendant, is declined. Exception noted.

4. The request for a finding of the following conclusion of law: "Under all the evidence in this case judgment must be entered in favor of Elizabeth A. Brick and Samuel Finberg, additional defendants," is refused. Exception noted.

5. The request for finding in favor of the additional defendant, American Stores Company, is granted and the court so finds. Exception noted.

The prothonotary will enter verdicts in accordance with the foregoing findings.