# Schrager's Drugs, Inc., v. Lawrence Park Shopping Center, Inc.

*Guy G. deFuria*, for plaintiff.

*Seletz & Clark*, for defendant.

DIGGINS, J., February 28, 1961.—Plaintiff brings this action in equity to enjoin defendant from allegedly interfering with plaintiff's lawful tenancy by changing the physical nature of the building leased by defendant to plaintiff and adjoining area. Briefly stated, the complaint avers that plaintiff leases from defendant the corner store of Building A in Lawrence Park Shopping Center; that the said store, used by plaintiff as a drug store, was constructed by defendant in accordance with the terms of the lease dated February 8, 1956, that said leased premises were completed in 1956 and have been occupied by plaintiff as lessee since that time; that the leased premises consist of the store, with front and side sidewalk and curb,

parking spaces along the side of the store, and with a rear open area, a paved passageway, other parking spaces and facilities; and that defendant proposes to build a restaurant around two sides of plaintiff's store, occupying the paved passageway, changing the store from a corner one to an inside one, taking away the sidewalk, removing two windows and a door, depriving plaintiff of rear access, and substantially changing the property for which plaintiff is paying rent, without plaintiff's consent . . .

## Discussion

The first question in this case was whether or not a court of equity has jurisdiction to hear the case at all.

However, it is axiomatic that relief by injunction will be granted or withheld according to the real equity of the case in view of all the facts and circumstances: Injunctions, 43 C.J.S. p. 551, and the fact that a court, after hearing, may reach the conclusion that injunctive relief is not demonstrated and that the only remedy may be damages, does not destroy the jurisdiction of a court of equity to reach that conclusion. Therefore, we are of the opinion that the filing of the bill in equity was proper and that the relief therein sought was the proper subject of judicial equitable inquiry.

A hearing was held, testimony taken and findings of fact found from that record.

A study of this will disclose that the physical characteristics of the demised premises will be changed by the proposed new construction. Plaintiff's store, except for the show window area, will no longer be a corner property and the sidewalk presently immediately adjacent to plaintiff's southerly wall, which incidentally is now a blank wall, aside from the show window area, will be moved further to the south to

accommodate the proposed new building. No change will be made in the front sidewalk area. There is a canopy in front of plaintiff's store which is carried around the southerly side thereof eastwardly to the extent of the show window. This will not be disturbed. The proposed new construction will eliminate the parking area now existing at the curb on the southerly side of the demised premises but will not diminish the number of parking spaces adjacent to the building in which plaintiff's store is located, leaving some in their present position and others in front of the new building or restaurant structure, as well as not affecting the great bulk of parking in the shopping center.

A clear understanding of the physical conditions now existing and the effect of the proposed additions can be had from this well-developed record by reference to the photographs and the detailed plan of the proposed construction as well as the text of the record.

Plaintiff claims that the addition, as proposed, will also diminish the distance where motorists, passing the shopping area in a northerly direction, can see his business sign and show window. We are of the opinion that this is not so.

The rear wall of the present store provides ventilating windows for two washrooms and a door for ingress and for delivery of stock. The proposed new addition may wrap around the back of the demised premises, thereby interfering with these facilities. The plans and this record show that there are alternate proposals, either preserving these advantages to plaintiff or giving him adequate alternates. The crux of the relative rights of the parties to this action is found in the lease, and it is the interpretation of the pertinent clauses which here control.

Paragraph 9 of the lease provides:

"Landlord warrants, represents and agrees that it

is the registered owner of that portion of the tract of land captioned 'Lawrence Park Shopping Center' and designated in red on said plan, (a copy of which plan is attached hereto) the entire shopping center being located on Sproul Road or Springfield Road (Southeast of Lawrence Road) in Marple Township, Delaware County, Commonwealth of Pennsylvania; that it contemplates developing its portion of said shopping center in conjunction and concert with the other title owners of the balance of the shopping center as an integral and complete shopping center with parking area and improvements generally and substantially in accord with said plan; that the work on the said project has been or is about to be started . . .

"It is understood and agreed by Tenant that the reference herein made, to said plan setting forth the general layout, of the buildings, parking areas and other improvements *shall not be deemed to be a warranty, representation or agreement on the part of Landlord that said project will be laid out exactly as indicated on said plan,* or that the said project will have contained therein all of the buildings, driveways, walks, etc., as shown therein, *it being understood and agreed that Landlord,* together with the other owners of the said Shopping Center, *may change the number, dimensions and locations of the walks, buildings (or the use to which they may be put) and parking areas as Landlord* and/or the other owners of the Shopping Center *shall deem proper,* provided, however, that the buildings when constructed, will be substantially in the dimensions and size as shown on said plan and that the total parking area when the buildings of the entire Shopping Center have been completed shall be in size sufficient to accommodate approximately 2500 automobiles."

And paragraphs 18 and 18(a) of the lease provide:

"Tenant covenants and agrees that Landlord shall have the right to do the following things and matters in and about the demised premises:

"(a) At all reasonable times, by itself or by its duly authorized agents to go upon and inspect the demised premises and every part thereof, and/or at its option to make repairs, alterations, and *additions to the demised premises or the building of which the demised premises is a part.*"

The foregoing emphasis is, of course, that of the chancellor.

The general overall intent of these clauses, in the judgment of the chancellor, was to permit changes, additions, alterations and development in the shopping center generally and preserve to the respective tenants certain basic advantages such as, inter alia, prohibiting the lessor under the provisions aforesaid from diminishing the total parking area in the center below 5.5 acres. The proposed changes, as shown by this record, do not diminish the specifically guaranteed advantages of this lessee plaintiff. In the last analysis, part of lessee's building will no longer be a corner store, the physical appearance of the overall picture will be changed and there will be other somewhat minor differences.

The chancellor is of the opinion that the provisions of this lease, as a matter of legal interpretation, give defendant the right to do that which by this record he seeks to do; and, further, the chancellor is of the opinion that not only have no real damages been shown by plaintiff as likely to flow from the proposed addition and the use to which it will be put but, on the contrary, as a reference to the artist's conception, plaintiff's exhibit 2, will show, a very pleasing facade will replace the lessee's southerly blank wall and not interfere at all with his show window area, and it

would further seem to the chancellor that the use of the proposed building as a restaurant for which it is designed may well bring additional business to plaintiff.

Also, it is significant that defendant did not specifically by description or designation lease a "corner" property. True, when the lease was entered into and possession given, plaintiff's was the last store in the unit, but we think it is not without significanec that the large southerly wall, exclusive of the show window area, was left blank, a most unusual physical feature if the owner intends it to be a corner property, particularly for use as a retail store.

While we find no case exactly in point, the case of Koplo and Koplo v. Ettenger, 84 Pa. Superior Ct. 358, did involve a somewhat similar situation. In that case, plaintiffs were lessees of a storeroom in the corner of a building, and the landlord leased to a third person the right to operate a luncheon on the sidewalk adjoining the storeroom. Thereupon, plaintiffs contended that they had the right to the rent collected for the sidewalk facility. The court held that a lease of a particular room in a building did not carry with it an interest in land beyond that of the particular room, unless such outside rights were plainly included in the leased premises as appurtenant thereto or a part thereof, being so included plainly and specifically either because they were really necessary to the beneficial enjoyment of the demised property for the purpose for which it was leased, or because it was manifest from the condition and situation of the property that it had been designed for the benefit of the particular premises demised.

Plaintiff in the present case relies upon the foregoing language, contending that the conditions which now will be changed were really necessary as they

presently exist to the beneficial enjoyment of the demised premises for the purpose for which it was leased and because it was manifest from the condition and situation of the property that the general design was for the benefit of the particular premises demised.

The chancellor is of the opinion that this case is distinguished from Koplo and Koplo v. Ettenger, supra, because of the provisions in the lease, and secondly, the chancellor is not convinced that the features which are the subject of this action were really necessary to the beneficial enjoyment of the demised property for the purpose for which it was leased, nor was it manifest from the condition and situation of the property that they had been designed for the benefit of the particular premises demised. Indeed, as to the latter, it would seem that the blank wall indicates otherwise.

Here it is apparent from the record, contrary to plaintiff's contention, that plaintiff is not being deprived of light, air, visibility, access, quiet, advertising value, parking space, free entry for service, sidewalks, the entire inside use of the outside wall and the paved passageway leading to the rear of the store.

Therefore, the chancellor makes the following

### Conclusions of Law

1. The court has jurisdiction of the parties.

2. The court has jurisdiction of the cause of action.

3. The lease defines the rights and duties between the parties.

4. Plaintiff has no rights other than those set forth in the lease.

5. Under the terms of the lease, the only limitation regarding defendant's right to lease to others is an agreement not to lease to other drug or pharmaceutical stores, and not to permit any other store in the

shopping center to maintain a prescription department.

6. Plaintiff has no right to enjoin uses other than those thus specifically set forth.

7. Under the terms of the lease, defendant reserved the right to change the location of sidewalks and parking areas.

8. Under the terms of the lease, plaintiff has no vested rights in the location of sidewalks and parking areas.

9. Under the terms of the lease, defendant reserved the right to change the number, dimension and location of buildings.

10. Under the terms of the lease, plaintiff has no vested rights in the location or details of construction of buildings in the shopping center, other than substantial compliance with plan as to dimension and size.

11. Plaintiff was leased space within a building only, not a building and not the walks, parking areas, or outside walls of a building.

12. Under the terms of the lease, defendant is not prohibited from making additions to the shopping center or the building in which plaintiff rented space.

13. Under the terms of the lease, defendant reserved the right to make additions to the shopping center and to the building in which plaintiff rented space.

14. Plaintiff has failed to show he will suffer irreparable harm by defendant's proposed actions.

15. Defendant's proposed actions, as shown by the amended plans, are not arbitrary or unreasonable.

16. The complaint must be dismissed, without prejudice, however, to the right of plaintiff to commence a new action should defendant fail to construct the new building substantially in accord with the amended

plans as shown in this record, or for actual provable damages to his leasehold interest resulting from the construction, which damages might be recoverable by an action at law.

Therefore, we make the following

### Decree Nisi

And now, to wit, February 28, 1961, it is ordered, adjudged and decreed that the complaint be and it is hereby dismissed, without prejudice to the right of plaintiff to commence a new action should defendant fail to construct the new building substantially in accord with the amended plans as shown in this record, or for actual provable damages to his leasehold interest resulting from the construction, which damages might be recoverable by an action at law.

### Order

The prothonotary is directed to give notice immediately to the parties or to their attorneys of record of the filing of the foregoing adjudication and decree nisi and if no exceptions be filed thereto within 20 days after the service of such notice, to enter, upon praecipe, the said decree nisi as a final decree.