## Chester, Appellant, *v.* Schaffer.

*Negligence—Municipalities—Defective sidewalk—Recovery over against owner.*

Where a municipality has been compelled to pay a judgment in an action to recover for personal injuries sustained by reason of a defective sidewalk, it cannot use the judgment as the basis of a suit against the owner of the sidewalk unless it gave notice to the owner of the pendency of the suit upon which judgment was recovered, that the owner might defend or join in the defense. Notice by the attorney for the plaintiff in such suit to the attorney for the owner in another suit brought by the person injured against the owner is not such notice as will affect the owner.

To visit a principal with constructive notice, it is necessary that the knowledge of the agent or attorney should be gained in the course of the same transaction in which he is employed by his client.

Argued Nov. 16, 1903. Appeal, No. 88, Oct. T., 1902, by plaintiff, from judgment of C. P. Delaware Co., March T., 1898, No. 145, on verdict for defendant in case of Chester City v. William I. Schaffer, Administrator of Nathan Pennell, Deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON JJ. Affirmed.

Trespass for negligence.

From the record it appeared that in a suit by Jacob Cass and Barbara Cass against the city of Chester instituted in Delaware county at No. 75, December term, 1895, plaintiff recovered a judgment for $1,150 which was subsequently settled by the city paying $1,100. The claim in the suit was for damages for personal injuries to Mrs. Cass caused by falling on a defective sidewalk in front of the premises of Nathan Pen-

nell.  The present action was brought to recover from the administrator of Nathan Pennell the amount of the city's loss.

J. H. Hinkson, who had been attorney for Mr. and Mrs. Cass, in suit against city, was asked this question:

" Q. Did you ever see Mr. Pennell relative to the suit of Cass against him?  A. I have no recollection of seeing him. Q. Did you ever see his attorney, W. I. Schaffer, relative to that suit?  A. Yes, sir.  Q. When was that?  A. I can't fix the date, but it was before the trial of the Cass case in court, and after summons issued.  Q. The two suits, I think, you say were brought in· October of 1895; do you remember when the Cass case against the city was tried?  A. About a year afterwards.  Q. I understand you to say that you saw Mr. Schaffer concerning this Cass against Pennell suit between the beginning of the action in October of 1895 and the trial of the suit of Cass against the city in October of 1896?  A. Yes, sir.  Q. Did you have any conversation with Mr. Schaffer concerning these two suits, I mean the suits of Cass against the city and Cass against Pennell for this accident."

Objected to by Mr. Schaffer.

" A. Yes, sir."

Objection overruled.

To which ruling counsel for the defendant objects and prays the court to seal a bill of exceptions thereto, which is accordingly done.

Mr. Cochran: " Q. At that time did you tell Mr. Schaffer, who was the attorney for Nathan Pennell, and who had entered an appearance in the case of Cass against Nathan Pennell for an accident sustained by Mrs. Cass in front of 415 Front street, the property of Nathan Pennell, that you had, for the same accident at the same time brought suit on behalf of Mrs. Cass and her husband against the city of Chester ? "

Objected to by Mr. Schaffer.

Witness, Joseph H. Hinkson, recalled, for plaintiff.

The Court: Do I understand your offer to be now to have Mr. Hinkson state that he informed Mr. Schaffer of the pending suit and not to follow it up by showing it was communicated to Mr. Pennell?

Mr. Cochran: That is· my offer.

The·Court: I shall exclude it upon this ground: the em-

ployment of Mr. Schaffer was in the case of Cass against Pennell, and that notice to him at all would be in a matter arising out of that employment, and I do not think that notice to Mr. Schaffer or anybody else that the city of Chester had also been sued, was necessarily notice to Mr. Pennell. As there is no offer to show that it was communicated to Mr. Pennell, not being a notice in and about the employment that he had with Mr. Pennell, I exclude it.

To which ruling counsel for the plaintiff objects and prays the court to seal a bill of exceptions thereto, which is accordingly done.

Mr. Cochran : I offer in evidence the record of the case of Jacob Cass and Barbara Cass, his wife, against the city of Chester, in trespass to No. 75, December term, 1895 ; that is, the complete record showing all the pleadings, the verdict, the judgment and the testimony. The record has been offered before and accepted to show two or three things. Now, I desire to offer the complete record on the grounds that in conjunction with the offer that I made to prove by Mr. Hinkson knowledge in Mr. Pennell and by the proof just adduced that Mr. Pennell's son knew of the accident, and aided the city in the defense, that that is sufficient to take notice home to Mr. Pennell, and therefore this record should be admissible.

Objected to by Mr. Schaffer.

Objection sustained.

To which ruling counsel for the plaintiff objects and prays the court to seal a bill of exceptions thereto, which is accordingly done.   [4]

Testimony was offered as to the negligence of Pennell and of the contributory negligence of Mrs. Cass.

The court submitted the whole case to the jury, refusing binding instructions for plaintiff. [10]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1, 4) rulings on evidence, quoting the bill of exceptions ; (10) above instructions.

*A. A. Cochran,* for appellant.—The right of a municipality to so recover over has been sustained in Reading City v. Reiner, 167 Pa. 41 ; Brookville Boro. v. Arthurs, 130 Pa. 501 ; Brook-

ville Boro. v. Arthurs, 152 Pa. 334; City of Chester v. First National Bank, 9 Pa. Superior Ct. 517; 2 Dillon on Municipal Corporations, sec. 1035.

Where a party has notice and can come in and defend, he is concluded by the judgment in the original suit. Such judgment and the record are evidence in an action against him to recover over: Chicago City v. Robbins, 67 U. S. 418; Lovejoy v. Murray, 70 U. S. 1; Bender v. Fromberger, 4 Dallas, 436; 2 Greenleaf on Evidence, sec. 116; Brookville Boro. v. Arthurs, 130 Pa. 501; Brookville Boro. v. Arthurs, 152 Pa. 334; Fowler v. Boro. of Jersey Shore, 17 Pa. Superior Ct. 366; 2 Dillon on Municipal Corporations, sec. 1035.

*William I. Schaffer*, with him *Edwin A. Howell*, for appellees. —When the city has it within its power to give or not to give the notice, if a recovery should be permitted without such notice, it would be a virtual confiscation of the property of the defendant who never had his day in court, a taking of his property without due process of law as provided by the constitution. This implies the right to notice to appear and answer if his rights are to be affected: Ervine's App., 16 Pa. 256; Banning v. Taylor, 24 Pa. 289; Coal Ridge Improvement & Coal Co. v. Jennings, 127 Pa. 397.

Without notice to come in and defend, the record of the suit of Jacob Cass and wife against the city of Chester was not evidence against Nathan Pennell or his estate and should not have been admitted: Walker v. Philadelphia, 195 Pa. 168.

A client is only chargeable with knowledge of all facts known to his attorney which are connected with the case in which the attorney appears: Stewart v. Sprague, 71 Mich. 50 (38 N. W. Repr. 673); Pacific Mfg. Co. v. Brown, 8 Wash. 347 (36 Pac. Repr. 273); Brockley v. Brockley, 122 Pa. 1.

The trend of the latest cases is to require two essential things before there can be a recovery over. 1. Notice of the pendency of the first action and to come in and defend it. 2. Full opportunity to make the defense: Washington Gas Light Co. v. District of Columbia, 161 U. S. 316 (16 Sup. Ct. Rep. 564); Saveland v. Green, 36 Wis. 612; Consolidated Machine Co. v. Bradley, 171 Mass. 127 (50 N. E. Repr. 464); Hill v. Oswald, 99 Ill. App. 120.

OPINION BY SMITH, J., January 21, 1904:

In this action the city of Chester seeks to recover from the estate of Nathan Pennell, the amount it paid to Jacob Cass and Barbara Cass, his wife, in settlement of a judgment recovered for damages sustained by reason of a defective sidewalk whereby Mrs. Cass was injured. This injury to her, the recovery of judgment against the city therefor, with the ownership by Nathan Pennell of the lot fronting on the street when and where the accident occurred, are conceded by the defendant. But liability is denied on the ground that no notice was given to the defendant to defend the action against the city, and the question here is whether legal notice was given. The alleged notice upon which the plaintiff in part relies consists of knowledge by a son of Nathan Pennell; but as it was not shown or alleged that the son's knowledge of that action was communicated in any manner to Nathan Pennell, this circumstance requires no further consideration. The notice upon which the appellant mainly relies is, in substance, the fact that J. H. Hinkson, the attorney of the plaintiffs in that case, besides bringing the action against the city of Chester, brought an action for the same cause against Nathan Pennell, and gave information of the former action to Mr. Schaffer, Pennell's attorney; proof of such information being sought through the following question to Mr. Hinkson: "At that time, did you tell Mr. Schaffer, who was the attorney for Nathan Pennell, and who had entered an appearance in the case of Cass against Nathan Pennell for an accident sustained by Mrs. Cass in front of 415 Front street, the property of Nathan Pennell, that you had, for the same accident at the same time, brought suit on behalf of Mrs. Cass and her husband against the city of Chester?" This question was objected to and excluded, the trial judge saying, "As there is no offer to show that it was communicated to Mr. Pennell, not being a notice in and about the employment that he had with Mr. Pennell, I exclude it." For the purpose of this appeal we assume that the question would have been answered affirmatively.

It is not alleged that Schaffer was informed of the proceeding against the city for the purpose of giving notice to him or to his client Pennell of its pendency, that he might defend or or join in the defense; nor that Schaffer was requested to in-

162, (1904).]         Opinion of the Court.

form Pennell of that action, nor that he promised to do so, nor that in fact he did do so. It appears, barely, that sometime between October, 1895 and October, 1896, the conversation referred to in the question occurred. But just when or where or under what circumstances, is not shown. If it was intended by that conversation to notify Schaffer as attorney for Mr. Pennell of the suit of Cass against the city, for the purpose of allowing Pennell to appear and defend or join in its defense, or to hold him responsible for the verdict, no such purpose was stated. There is no sound reason why so important a notice should not be definite, certain and direct to the party to be affected by it, instead of leaving it to be implied from a casual conversation. It is not alleged that Mr. Pennell was personally informed of the action against the city or of its legal consequences to him, nor that his counsel or himself participated in the trial in any way or had opportunity to do so. It is a general rule that notice must be given by a person legally interested in its effect. But here no officer of the city gave notice to Pennell or his counsel of the pendency of that action for any purpose; nor is it alleged that Mr. Hinkson was acting for the city during the conversation with Schaffer. So far as appears by this record, the question of notice to Pennell was not raised or considered before this action was begun; certain it is that this important matter is not averred in the declaration.

Under these circumstances, can the defendant be held liable for the judgment in that case on the ground of this alleged notice? The personal knowledge of the attorney is not equivalent to notice to the principal in this case. At most it is sought to fix upon him constructive notice of the fact. "To visit the principal with constructive notice, it is necessary that the knowledge of the agent or attorney should be gained in the course of the same transaction in which he is employed by his client:" Hood v. Fahnestock, 8 Watts, 489. This is a fixed principle of law in Pennsylvania, and has been repeated in substance and applied by the Supreme Court in many later cases: Houseman v. Girard Mut. B. & L. Assn., 81 Pa. 256. Justice MITCHELL said in McSparran v. Southern Mutual Ins. Co., 193 Pa. 184, that "notice is knowledge, or information legally equivalent to knowledge, brought home to the party notified

in immediate connection with the subject to which the notice relates."

But passing from the discussion of notice in general, and recurring to the subject of notice in cases of this class, the rule on the subject is thus laid down in 2 Dillon on Municipal Corporations, section 1035 : " If a municipal corporation be held liable for damages sustained in consequence of the unsafe condition of the sidewalks or streets, it has a remedy over against the person by whose act or conduct the sidewalk or street was unsafe, unless the corporation was itself a wrongdoer, as between itself and the author of the nuisance ; and, if the latter had notice of the pendency of the action against the municipality, and could have defended it, he has been held to be concluded as to the existence of the defect or nuisance in the street, and as to the liability of the corporation to the plaintiff in consequence thereof, and as to the amount of damage or injury it occasioned; but . . . . he is not . . . . estopped from showing that he was under no obligation to keep the street in a safe condition, and that it was not through his fault that the accident happened."    In Brookville Boro. v. Arthurs, 130 Pa. 501, Mr. Justice STERRETT cites this as an authority, and adds : " It is undoubtedly the duty of a municipal corporation, having the exclusive care and control of its streets, to see that they are kept in a condition that is safe for the passage of persons and property, and if that plain duty is neglected, and thereby injury results to any one, the corporation is primarily liable to the injured party ; but if, as between the corporation and a third party, the injury resulted from the negligence of the latter, he is liable over to the corporation."    A reasonable construction of this rule casts on the city the duty of giving the property owner notice sufficiently clear and explicit to inform him of the action and its cause, of his liability in the premises, and affording him an opportunity of defending.    If adequate notice is not given, the municipality must establish its claim without reference to the prior action against it, so far as defendant's liability is concerned.

As to the alleged communication to Mr. Schaffer respecting the suit against the city, its source, its subject-matter, its form and substance, and the occasion from which it arose, are insufficient to give it the character of constructive notice to

Pennell, as contended by the appellant. It was not given by any representative of the city, but by an attorney employed adversely to the city. There was nothing in it to indicate that Pennell would be required or even allowed to take part in the defense, or that the city, if judgment were recovered against it, would look to him for reimbursement. There was no connection between the suit against the city and the suit against Pennell, making it the attorney's duty to communicate the notice to his client. Neither suit had any bearing on the other, and nothing arising in either could affect the determination of the other, or the course of proceeding therein. There could be nothing growing out of the suit against the city of which Pennell was required to take notice in the suit against himself. To make notice to the agent constructive notice to the principal, it must be with respect to something material to the business in which the agent is employed. But for all the purposes of the suit against Pennell, the suit against the city was wholly immaterial, and that such a suit was pending was a matter of no consequence. Though the information respecting it was received by Mr. Schaffer while employed as Pennell's attorney, it was wholly without relevancy to the business in which he was employed,—which was merely that of defending in the suit against Pennell, and not of defending in the suit against the city. There was in law no such relation between that information and his employment as to make it, in law, notice to his client. The evidence on the subject, therefore, was properly rejected.

There was no error in the refusal of the court to admit the record of the case of Cass against the city in evidence on the trial of this issue for the purpose stated in the fourth assignment. The ruling was in accordance with the principles upon which this case was tried and was a recognition of the doctrine that it would be in contravention of the first principles of justice to hold a man bound by a judgment which he had neither an opportunity to defend nor notice that he was to be involved in its consequences.

The remaining specifications lack legal substance.

All the specifications of error are overruled and the judgment is affirmed.