## Schlippert et al. *v.* Orth, Appellant (No. 1).

*Negligence—Sidewalk—Subterranean vault—Collapse of sidewalk —Case for jury.*

In an action to recover damages for personal injuries, sustained in the collapse of defendant's sidewalk, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that there was a vault connected with the defendant's premises, and extending under the sidewalk. It also appeared that a violent explosion had occurred a short time previously in the vicinity of the property, and that the plaintiff had made only a cursory inspection to ascertain if any damage had been done.

In such case, the question was for the jury to decide whether the inspection was such as a reasonably prudent and careful man should have made, under the circumstances, and whether or not the defendant had negligently failed to discharge a duty imposed on him by the law.

Argued November 8, 1920. Appeal, No. 12, Oct. T., 1920, by defendant, from judgment of C. P. Berks County, Aug. T., 1918, No. 142, on verdict for plaintiff in the case of Robert Schlippert and Louise M. Schlippert, a minor, by her next friend and father, Robert Schlippert v. Walter S. Orth. Before ORLADY, P. J., PORTER, HEN-

DERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WAGNER, J.

The facts are stated by the opinion of the Superior Court.

Verdict for Robert Schlippert for $119.61 and for Louise M. Schlippert for $725 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*William Kerper Stevens,* and with him *Ralph H. Mengell,* for appellant.—The liability for the injuries complained of rested with the gas company, which caused the explosion, and not with the defendant: Koelsch v. Phila. Company, 152 Pa. 355; Douglass v. New York Central and Hudson River Railroad Co., 209 Pa. 128; Southside Pass. Ry. Co. v. Trich and wife, 117 Pa. 390; Bruggeman et al. v. City of York, 259 Pa. 94, at page 98; Hoag & Alger v. Lake Shore & Michigan Southern R. R. Co., 85 Pa. 293; King v. Thompson et ux., 87 Pa. 365.

*H. P. Keiser,* for appellee.

OPINION BY HEAD, J., March 5, 1921:

The plaintiff in his own right, and as the next friend of his minor daughter, brought this action of trespass to recover damages for personal injuries sustained by the girl, and the consequent expense incurred by the father.

The defendant was the owner and occupant of a building in the City of Reading. An excavation had been made under the sidewalk in front of the building and the space used as a vault of some character in connection with the building. The sidewalk itself was supported by a brick arch, constituting the roof of the vault. It

appears the excavation had been made a long time ago, although the exact date of it is not disclosed in the record. On the evening of the 11th of February, 1918, the daughter of the plaintiff and another young lady were walking on this sidewalk passing the building of the defendant. Without any warning the sidewalk gave way and the two young ladies were precipitated into the vault, sustaining injuries more or less serious in character. It appeared from the evidence that there had been an explosion in the gas mains of the gas company buried in the street, which was so violent in character as to blow up the manholes on the street which furnished access to the mains. There was of course no direct evidence that this explosion was the immediate and proximate cause of the sudden sinking of the sidewalk a few days later. That result may have followed the explosion, or the roof of the vault may have given way through lapse of time, disintegration of material, or other natural causes. The gravamen of the complaint was that the law imposed upon the owner of the building the duty to keep the sidewalk in a reasonably safe condition of repair, and that the proper discharge of that duty would necessarily require a reasonable inspection of the support upon which the owner relied to hold up the sidewalk, that was, of course, a portion of the public highway; and more especially was that duty imposed after an explosion near by of the violence indicated by the testimony. It was shown as part of the history of the case, as developed by plaintiff's evidence, that the owner of the building himself with a lighted candle, had gone into the vault a day or two after the explosion, and the like length of time before the accident, and observed nothing that led him to believe the safety of the roof of the vault supporting the sidewalk had been lessened. Was that such an inspection as a reasonably prudent and careful man should have made under all of the circumstances? The defendant was neither an engineer nor a mechanic, and the evidence in no way indicates

that he had any special knowledge or experience that would enable him to determine with any degree of certainty what effect, if any, the explosion had upon the arched roof of the vault. The reasonable character of that inspection, or the lack of it, became the controlling question in determining whether or not the defendant had negligently failed to discharge a duty imposed upon him by the law. We are of opinion that was a question of fact which must necessarily have been submitted to the jury under proper instructions from the trial judge. No assignment of error questions the correctness of the instructions so given. The defendant offered no evidence and rested his case upon the proposition that the court was bound to declare as matter of law the evidence raised no question for submission to the jury. We are all of opinion that position is untenable. As a consequence the assignments of error must be overruled and the judgment affirmed.

Judgment affirmed.