## Orth *v.* Consumers Gas Co., Appellant.

*Negligence—Damages—Recovery over from one primarily liable —Costs and expenses of suit—Notice of suit—Appeal—Objection not raised below.*

1. Where one has been compelled to pay damages for a default arising out of the wrongful act of another, and has incurred costs and expenses to protect his interests, such costs and expenses should be treated as legal consequences of the original wrongful act.

2. If one entitled to indemnity intends to use as evidence, in a future action to enforce his right, the judgment which may be rendered against him in a pending suit for damages, and thus to prove his loss, he must give the person to whom he looks for recompense reasonably "definite, certain and direct" notice of the pending suit, so the latter may defend it, or join in the defense, should he see fit so to do.

3. If notice of such kind is not given, then, in a subsequent proceeding to obtain indemnity, the plaintiff must establish his claims for damages without reference to the amount of the judgment in the prior action against him.

4. If the defendant at the trial takes the position that, as no notice was given, plaintiff can recover nothing, and makes no objection that proofs of defendant's wrongdoing had not been shown in a proper manner, it is too late after a judgment against him to make such objection on appeal.

5. The same rule applies to a claim compromised and settled out of court by plaintiff, where plaintiff subsequently sues the wrongdoer for indemnity.

*Appeals—Assignments of error—General points.*

6. An assignment of error embracing several points is improper.

Argued March 3, 1924.   Appeal, No. 120, Jan. T., 1924, by defendant, from judgment of C. P. Berks Co.,

March T., 1920, No. 38, on verdict for plaintiff, in case of Walter S. Orth v. Consumers Gas Co.   Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ.   Affirmed.

Trespass for negligence.   Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,739.74.   Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*H. P. Keiser,* with him *John A. Keppelman,* for appellant, cited: Homestead Boro. v. Lumber Co., 47 Pa. Superior Ct. 500; Chester v. Schaffer, 24 Pa. Superior Ct. 162; Schlippert v. Orth, 75 Pa. Superior Ct. 572.

*George Eves,* with him *Ralph H. Mengel,* for appellee, cited: Hartman v. Gas Co., 210 Pa. 19.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 24, 1924:

Walter S. Orth sued the Consumers Gas Company to recover damages suffered by him through the alleged negligence of the latter; judgment was entered on a verdict in his favor and the gas company has appealed.

The facts essential to determination of the questions before us are substantially as follows: Plaintiff owned a building in the City of Reading; there was an arched vault under the sidewalk in front of this property, connected with its cellar; on February 8, 1918, an explosion occurred in one of defendant's mains, located a short distance from plaintiff's premises; three days thereafter the arch collapsed, letting down the sidewalk which it had supported and injuring two young women, who were on the surface at the time.   Each of the injured persons sued Orth; they alleged he had negligently failed to

maintain the pavement of his property in a safe condition for public use.   One of these suits, which resulted in a verdict against the present plaintiff, was contested by him to the extent of an appeal to the Superior Court (Schlippert v. Orth, 75 Pa. Superior Ct. 572) ; but, the judgment being affirmed, he paid the claim.   The other suit was settled by him out of court for an agreed sum.

While the president of the gas company was told of the claims against Orth, he said nothing that would indicate an intention to assume responsibility, and neither he nor his corporation were ever notified, formally or otherwise, to come in and defend the suits that arose out of these demands; although it appears he was subpœnaed by both sides in the case which went to trial, and took the stand as a witness for the claimant in that action.

In the present case, beside the actual expenses to which plaintiff was put in making physical repairs, he expressly claimed the amounts he had paid in settlement of the above mentioned suits for damages, including court costs, counsel fees, printing of paper-books on the appeal to the Superior Court, and interest; the verdict in his favor of $2,739.74 covered all these items.   The gas company filed an affidavit of defense which alleged, inter alia, that the prior actions against plaintiff were "defended by him without notice having been given [to the company] that such suits had been brought [or] that [it] was to be held liable for any damages which plaintiff might be required to pay"; that the payments in consequence of those actions had been made by him without notice to the company; and, finally, defendant took the position that plaintiff was "entitled to no damages whatsoever."   At trial, the court was asked to charge, first, that "under the evidence in this case the verdict must be for defendant"; next, if the first point were refused, then, that "in no event can defendant be held liable for any amount other than the expenditures made by plaintiff in repairing the pavement in front of his property, with interest thereon from the date of such

expenditures, which total amount is $482.96." Both these requests were declined, and the jury was permitted to include in its verdict all the before mentioned items claimed by plaintiff, on the theory that, "where the wrongful acts of the defendant have involved the plaintiff in litigation with others, or placed him in such relations with others as to make it necessary to incur costs and expenses to protect his interests, such costs and expenditures should be treated as legal consequences of the original wrongful act."

The principle just quoted from the opinion of the court below has been frequently recognized by us, and is undeniably the basis of the right—given one like the plaintiff at bar, who has been compelled to pay damages for a default arising out of the wrongful act of another—to recover indemnity from the persons whose initial negligence was the primary cause of the injury: Phila. Co. v. Traction Co., 165 Pa. 456; 31 C. J. 447, section 47; 14 R. C. L. 52. In stating the principle on which he rested, however, the learned trial judge failed entirely to mention certain other accompanying rules, relating to the method of proof, usually applicable to cases like the one before us. The rules we have in mind are as follows: If one entitled to indemnity intends to use as evidence, in a future action to enforce his right, the judgment which may be rendered against him in a pending suit for damages, and thus to prove his loss, he must give the person to whom he looks for recompense reasonably "definite, certain and direct" notice of the pending suit, so the latter may defend it, or join in the defense, should he see fit so to do: Chester v. Schaffer, 24 Pa. Superior Ct. 162. "When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against [the indemnitor] whether he has appeared or not": Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366, 372. If notice of that character is not given, then, in a subsequent proceeding to obtain indemnity, the plaintiff must establish his claims for damages

without reference to the amount of the judgment in the prior action against him (31 C. J. 453, 463, sections 53, 62) ; in other words, under such circumstances the plaintiff in the second suit is not barred from recovery, but there is placed on him the burden of justifying his payment of damages to the person who sued him, by offering against the defendant in the second suit practically the same evidence as was relied on to establish the case against him, the plaintiff, when he was defending the first suit: Chester v. Schaffer, supra, 167, 168. On the general subject see also Phila. v. Bergdoll, 252 Pa. 545, and Gray v. Boston G. L. Co., 114 Mass. 149, 19 Am. R. 324.

The rules set forth in the preceding paragraph are stated so that we may not appear to countenance any departures therefrom in the present case; yet, owing to the stand taken by appellant in the court below, they do not control the determination of this appeal. Appellant made no point at trial of the manner in which plaintiff proved his losses; on the contrary, defendant took the position, both before and at trial, was that plaintiff was not entitled to recover any damages whatever, except, possibly, the actual cost of the physical restoration of his property and the sidewalk in front of it. To prove his other items of damage, plaintiff testified as to the amounts he was required to spend in defense of, and to meet the damages claimed in, the prior suits. Defendant's objection to this testimony was that "plaintiff [had] not shown such a state of facts as [would] entitle him to show [such] damages," its claim being that these damages could not be proved unless it were first shown that notice had been given at the time of the prior suits. In effect, appellant contended at trial, and now insists, that failure to give it notice to come in and defend the prior suits extinguished plaintiff's present right of action. But, as above stated, this is not true,—such failure merely cast a greater burden on the plaintiff when producing his proofs in the present case; and, as we

shall proceed to show, the question whether the plaintiff in this case proved his damages (so far as amounts paid out in consequence of the prior suits are concerned) by appropriate evidence, is not before us for decision.

Counsel for plaintiff, to help establish the items of damage claimed by him for amounts expended to meet the claims in the other suits, placed a witness on the stand, and, when asked for an offer, stated, "I propose to prove that the judgment recovered in the Schlippert case was in a reasonable amount for the damages suffered, and that the settlement made in the Scott case was a reasonable and proper settlement under the evidence of the injury suffered" (referring to the two suits for damages brought against plaintiff); whereupon defendant objected to the offer, as "irrelevant and immaterial." The objection was properly overruled because the evidence indicated was both relevant and material. True, when this ruling was made, plaintiff,—instead of producing testimony of the character mentioned in our statement of the general rules which usually govern where no notice to come in and defend the prior suit is given defendant,—had the witness in question swear to having made a thorough examination into the two claims recited in the offer, and express the opinion that, based on this examination, the amounts paid by plaintiff represented "reasonable and proper adjustments"; but, since there was no objection to the offer, or motion made to strike out the evidence, on the ground that the damages claimed were not being, or had not been, shown in a proper manner, it is too late now to assume that position. Had plaintiff taken such a stand at trial, it is quite possible defendant would have proved his case in a more formal and legal way: Glenn v. Trees Oil Co., 266 Pa. 74, 81; see also Backstrom v. Kaufmann Stores, 266 Pa. 489, 491-2. Concerning the costs of defending the suit brought to trial and afterwards appealed, it has been held that where the defendant in the original suit for damages takes an unsuccessful appeal without the assent

of the party whom he intends to ask for reimbursement, in a subsequent suit against the latter, the plaintiff (defendant in the prior appealed case) cannot recover from his indemnitor the costs or expenses of the appeal (Murphy v. Yonkers, 213 N. Y. 124, 107 N. E. 267, L. R. A. 1915 F, 598, and note showing other cases); but the only assignment of error now before us which could possibly be read as raising this matter, offends against our Rule 22, by embracing several other points; and, in addition, the question of eliminating such costs and expenses, considered as individuated items, from the amount of damages claimed by the present plaintiff does not appear to have been specifically raised at the trial, nor is it pressed here. As to the case compromised out of court, the position of defendant was like its attitude toward the settlement of the verdict in the other suit, not that the damages thus involved lacked proper proof in the present action, but that, since no notice had been given the gas company to come in and defend, plaintiff should not, under any circumstances, be allowed to recover the amounts he had paid on the claims urged against him in either of the prior suits. No contention was made that the amounts expended by plaintiff in settlement of these claims were either unreasonable or not in the interest of defendant; and, so far as we have any light on the subject, this probably could not be successfully contended.

In view of the way the case here on appeal was presented to the court below, we find no reversible error.

The assignments are overruled and the judgment is affirmed.