## Philadelphia v. Reading Co., Appellant.

Argued December 5, 1928.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Wm. Clarke Mason,* for appellant.—Defendant contends that the averments in the affidavit of defense, even if this case is properly brought in assumpsit, are quite sufficient to prevent the judgment entered below because the defense brings this case within the exception referred to by this court in Orth v. Consumers Gas Co., 280 Pa. 118.

The harm to Reading Co. would seem obvious, and it has averred sufficient facts in its affidavit to require the question of the sufficiency of notice to be submitted to the jury, if upon trial the facts are in dispute, and, at least, is an obstacle to the entry of judgment by the court as a question of law: Bradford City v. Barry, 254 Pa. 303; Phila. v. Bergdoll, 252 Pa. 545.

Reading Co. contends that the judgment entered against it for want of a sufficient affidavit of defense based as it was so largely on the court's interpretation of the facts in the Brosnahan suit makes this judgment one without proper foundation because the court below had no power to include by reference the testimony and record of trial in the Brosnahan suit: Deere Plow Co. v. Hershey, 287 Pa. 92; Steel v. Levy, 282 Pa. 338; Pasquinelli v. Mfg. Co., 272 Pa. 468.

The support found for the suit in assumpsit is in the opinion of the lower courts only, although similar claims sued for in trespass have been passed upon by this court without criticism of the form of action: Phila. v. Bergdoll, 252 Pa. 545; Orth v. Gas Co., 280 Pa. 118.

In order that there may be support by a decision of this court for the form of action hereafter to be adopted

in these cases it is suggested that the question be considered and an opinion expressed upon it.

*Israel K. Levy,* Assistant City Solicitor, with him *Augustus Trask Ashton,* City Solicitor, and *G. Coe Farrier,* Assistant City Solicitor, for appellee.—The record of the original case of Brosnahan v. Phila., can be considered by the court in passing on the rule for judgment for want of a sufficient affidavit of defense: Deere Plow Co. v. Hershey, 287 Pa. 92; Sauber v. Nouskajian, 286 Pa. 449; Steel v. Levy, 282 Pa. 338; Pasquinelli v. Mfg. Co., 272 Pa. 468; Phila. v. Vare, 245 Pa. 178; Erie Co. Electric Co. v. Tel. Co., 265 Pa. 184; Butler City v. Tel. Co., 93 Pa. Superior Ct. 533.

The pleadings of the present case and the record of the case of Brosnahan v. Phila., clearly establish the location of the hole in the sidewalk at a point within the limits of the defendant's premises: Jackson v. Thomson, 215 Pa. 209; Pasquinelli v. Mfg. Co., 272 Pa. 468.

Under the pleadings of this case, the owner having received notice to come in and defend, is bound by the judgment against the city and is estopped from denying his responsibility: Brobston v. Boro., 290 Pa. 331; O'Connor v. O'Connor, 291 Pa. 175; Orth v. Gas Co., 280 Pa. 118; Hanley v. Ryan, 87 Pa. Superior Ct. 6; Brookville Boro. v. Arthurs, 130 Pa. 501; Fowler v. Boro., 17 Pa. Superior Ct. 366.

Assumpsit is the proper form of action by an indemnitee against an indemnitor: Brobstein v. Boro., 290 Pa. 331; Ault v. Adamson, 66 Pa. Superior Ct. 374; Ashley v. Coal Co., 232 Pa. 425; Pittsburgh v. Reed, 74 Pa. Superior Ct. 444; Norwood Boro. v. Harrison, 15 Pa. Dist. R. 142; Pittsburgh v. Cohn Bros., 27 Pa. Dist. R. 975.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1929:

The City of Philadelphia here seeks recovery from the Reading Company of damages which it had to pay to

James Brosnahan and his mother in a suit which they brought against it for injuries received by James, due to his falling over a hole in the sidewalk of a public street of the city in front of property belonging to the Reading Company. The form of action was assumpsit and the court entered judgment against defendant for want of a sufficient affidavit of defense. It appeals, submitting for our consideration these questions: Can judgment for want of a sufficient affidavit of defense be sustained where the affidavit of defense denies that the injuries were by defects upon defendant's property and that the notice given by the city to appellant to come in and defend was timely; or where the city permitted the issuance of a mandamus on the day judgment was entered against it upon the verdict, and during the time within which an appeal might have been taken by the property owner? Could the court determine the questions before it by reference to the record in the suit against the city? and, Is assumpsit the proper form of action?

The pleadings in the original suit fixed the place of the accident on a sidewalk along property admittedly owned by appellant. Our reading of the testimony in that case, when coupled with the photographs offered in evidence, leaves no doubt in our minds that the accident happened in front of appellant's property. This conclusion disposes of appellant's first proposition and of the one ancillary thereto which it argues, that the city supplied defects in the proof by an admission of a defect in the pavement. This is based upon the remark made by counsel trying the case for the city to the effect that there was no doubt about there being a break in the cement pavement. This was manifest from the photographs and the remark simply affirmed a self-evident fact in the case and further did not amount to an admission of negligence. If appellant wished to control the manner of trial, it should have gone in and defended, not stood aloof. As to appellant's contention that the burden is upon the city to establish in this action all of

the facts essential to the proof of liability which it is said were not required in accordance with the strict rules of evidence in view of the city's admission, for which it relies upon Orth v. Consumers Gas Co., 280 Pa. 118, it is sufficient to say that in that case no notice to come in and defend was given. Furthermore, the so-called admission was entirely proper and in the strategy of the city's case very likely wisely made.

Appellant argues that the notice given to it, five months after suit was commenced against the city, was not timely and did not afford it full and proper opportunity to ascertain the facts in relation to the accident and properly to prepare its defense. While it is true notice was not given until five months after the commencement of the suit, yet this was eight months prior to trial. Seven notices were given, the first on September 22, 1926. The statement of claim was not filed until October 13, 1926. Until then the city would not have full details of the case it had to meet. While it is proper that the municipality should give reasonably prompt notice to the property owner whom it seeks to hold liable for his primary neglect of duty, it could not be said that notice eight months in advance of trial and before statement filed was not in ample time. Appellant could be held liable to the city even without any notice given. The effect of not giving notice is to make the proof necessary to recover different from that required when notice has been given: Orth v. Consumers Gas Co., 280 Pa. 118. The primary liability is that of the property owner; the city's responsibility is secondary: Dress v. Harrisburg, 287 Pa. 157, 160; Dutton v. Lansdowne Boro., 198 Pa. 563; Lohr v. Philipsburg Boro., 156 Pa. 246; Duncan v. Phila., 173 Pa. 550, 554; Mintzer v. Hogg, 192 Pa. 137, 144; McLaughlin v. Kelly, 230 Pa. 251, 259.

We fail to see what standing the appellant has to question the attitude of the city in so far as the issuing of the mandamus to collect the judgment and its satis-

faction within the time in which an appeal could have been taken is concerned. It had declined to appear in the litigation after notice to do so and hence had no control over the course to be pursued in it. If it wished to dictate what should be done at any stage of the proceeding, it should have come in and assumed its primary burden of responsibility for the accident. It could not stand aside from the contest after being invited into it and then complain of the manner in which it was carried on. Its place was on the battle line of the defense if it wished to exercise control over the way the fighting was to be waged.

It is argued that the court did not have power to determine the questions raised on the motion for judgment for want of a sufficient affidavit of defense by reference to the original suit against the city. The record of the prior suit was incorporated by reference in the statement of claim in this one by the court, term and number. It thereby became part of the pleadings in the instant case. It was not necessary to set it forth therein in extenso; "every pleading shall have attached to it copies of all notes, contracts, book entries, *or a particular reference to the records of any court within the county in which the action is brought,* if any, upon which the party pleading relies for his claim, or defense, as the case may be; and a particular reference to such record ......shall be sufficient in lieu of a copy thereof": Practice Act of May 14, 1915, P. L. 483. The court properly examined the record of the prior suit to fix defendant's liability in this one.

Was assumpsit the proper form of action? Trespass has been resorted to in certain other actions (Phila. v. Bergdoll, 252 Pa. 545; Orth v. Consumers Gas Co., 280 Pa. 118) but it would seem that with greater propriety assumpsit might have been used. The action is brought to recover money paid by the plaintiff which should have been paid by defendant. The essence of the plaintiff's claim is the breach of an implied contract of in-

demnity arising in its favor with the negligent property owner. In Armstrong v. Clarion Co., 66 Pa. 218, one county was allowed to recover from another, in an action of assumpsit, one-half of a verdict recovered against the other resulting from a defect in a bridge jointly owned by the two counties. We are of opinion that assumpsit was the proper remedy.

Having had notice to come in and defend, appellant, admitting ownership of the property along which the defective sidewalk ran, is concluded by the judgment in the prior suit so far as it determined the existence of the defect in the sidewalk, the cause of the injury, the amount of damages sustained and the liability of the city: Brookville v. Arthurs, 130 Pa. 501; Reading v. Reiner, 167 Pa. 41; Phila. v. Bergdoll, 252 Pa. 545; Bradford v. Barry, 254 Pa. 303; Orth v. Consumers Gas Co., 280 Pa. 118, 121.

Nothing set forth in the affidavit of defense amounted to a denial of plaintiff's right to judgment.

The judgment is affirmed.