## Baxter et al. *v.* Borough of Homestead, Appellant, et al.

Argued May 1, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*P. H. McGuire,* for appellant.

*William A. Challener, Jr.,* with him *William A. Challener,* for appellees.

OPINION BY CUNNINGHAM, J., December 18, 1935:

These three appeals may be disposed of in one opinion. The case raises the question whether, under the circumstances here present, the owner of a property is liable over to a municipality for a sidewalk defect, or whether that liability is to be imposed solely upon the lessee of the ground floor of the premises. Mrs. Winner, the additional defendant, is the owner of 213 Eighth Avenue, in the Borough of Homestead. In 1923 she leased to F. W. Woolworth Company the first floor and basement of the building. The lease provided that the frontage was "subject to the present stairways leading to the second and third floors." The second floor was

occupied by a pool room, and the third floor by still another tenant. On February 15, 1930, the wife of the plaintiff fell and sustained injuries on the sidewalk immediately in front of the building. She subsequently died, and her husband, in his own right and as administrator of his wife's estate, brought suit against the borough, alleging that the fall was the result of a defect in the sidewalk. The borough, in turn, brought Mrs. Winner upon the record as an additional defendant, upon the allegation that she was liable over for the amount of any recovery.

The case was submitted to a jury, and it found for the plaintiff and against the borough—$1,000 (reduced by remittitur to $750) in his own right and $800 as administrator. By agreement of counsel, the court below did not submit directly to the jury the question whether the added defendant was liable over to the borough, but, instead, put to it three specific questions: First, was there a defect in the sidewalk when the premises were leased by the additional defendant to her tenant; second, did the additional defendant "receive any notice of the defect in the sidewalk"; and third, did the defect exist "for such sufficient length of time that [she] could be charged with constructive notice of such defect?" The jury gave no answer to the first question; this is immaterial, because there is no evidence in the record upon which could be based a finding that the defect had existed prior to 1923. It answered, in effect, that the additional defendant had no express notice of the defect until after the accident, but did find that she was charged with constructive notice thereof. Upon these answers, the court, in banc, entered judgment in favor of the additional defendant as against the borough. These appeals by the borough do not challenge in any way the judgments against it in favor of the plaintiff; they raise solely the question of the responsibility of the additional defendant.

These propositions now seem to be settled: First, the owner of property in a city, in possession of the entire property, is primarily liable for a defective sidewalk in front of it: Phila. v. Reading Co., 295 Pa. 183, 145 A. 65. Second, if, however, the owner is out of possession because of having leased the entire property, his liability ceases, and the tenant is liable for injuries occurring to a third person because of a sidewalk defect: Lindstrom v. Penna. Co., 212 Pa. 391, 61 A. 940; Phila. v. Merchant & Evans Co., 296 Pa. 126, 145 A. 706. Third, where the building is leased to several tenants, and no one tenant has a lease for the whole ground floor, the landlord, and not the tenant of a portion of the ground floor, is responsible for injuries resulting from a sidewalk defect in front of the leased portion: Bruder v. Phila. et al., 302 Pa. 378, 153 A. 725. This court has also held that even where the whole of the first floor is leased, the owner is nevertheless responsible where the owner occupied the remainder of the building, with access to the sidewalk from the front of the building: City of Butler v. Western Union Telegraph Co., 93 Pa. Superior Ct. 533.

The lower court took the position that a different rule should apply where, as here, the tenant held a lease of the whole first floor and where the owner was not in possession of any part of the building. This holding was based upon the proposition that Butler v. Western Union Telegraph Co., supra, inferentially establishes the rule that the owner is not liable in such a case except where he is an *occupant* of the building in question. The opinion of the lower court is further fortified by the following statement from Bruder v. Phila., supra, (p. 385): "If the entire first floor had been leased by the American Stores Company, a different situation would exist, and it might well be that it would be responsible. We express no opinion on this; we will de-

termine that question when a case before us presents the fact of a single tenant on the first floor."

This court is of opinion, after careful consideration, that the owner of a property should be liable over to a municipality for a sidewalk defect except in the single case where the entire premises have been leased to one tenant, and that the judgment in favor of the additional defendant in this case should therefore be reversed. The excerpt from the Bruder case does not decide the contrary, but is merely a limitation of that decision to the precise situation then presented to the Supreme Court. Nor has this court said anything in Butler v. Western Union Telegraph Company, supra, which is inconsistent with the present opinion. It is true it was there pointed out that the owner was also an occupant of the building. The decision, however, was not based upon that ground alone, but rather upon the further ground that the tenant had acquired no right to possession of any land outside the actual rooms leased to it, since a lease of distinct rooms in a building does not carry any interest in the land beyond that connected with the enjoyment of the particular rooms. Hence, as the owner had conferred no possessory interest in the sidewalk on the tenant, the latter was under no responsibility to third persons for injuries resulting from sidewalk defects.

The latter point was the fundamental one upon which the tenant was exempted from liability in the case cited. It is also the reason why responsibility should be placed upon the owner in the present case. The tenant on the first floor has no peculiar interest in the sidewalk. If it can be said that the sidewalk was intended for the benefit of the tenant on the first floor, it was equally intended for the benefit of the tenants of the upper floors, who also have a right to approach and leave the building. If the owner is to be under no responsibility when he is out of possession, then liability should logic-

ally be placed, not upon the tenant on the first floor, but upon all tenants alike. Such a conclusion, however, would be an obvious absurdity, and points to the reason why responsibility should rest upon the owner. Where the entire premises are leased to one tenant, that tenant has undivided possession not only of the actual building, but also of such portion of the sidewalk as goes with it. It therefore may be natural and fair to assume that possession is to carry with it responsibility, and that the owner should consequently be relieved. On the other hand, where different rooms in the same building are leased to various tenants, and no one tenant has exclusive possession of any portion of the premises beyond the actual rooms which he occupies, there can be no responsibility on the part of one for the benefit of all.

The owner has thus neither placed full possession nor full responsibility in any one party. This being the case, it is only equitable to require that that responsibility remain with the owner, who normally should carry all burdens incident upon ownership. It is only where that burden has been fully shifted to a single tenant, occupying the whole of the premises, that the owner is no longer under his usual obligations to the public.

Indeed, it is not strictly correct to say that the owner is out of possession in the type of situation now under consideration. It is true that the owner may not be an *occupant* of the building. On the other hand, the owner is in actual possession of the entrances, halls and stairways of the building. The possession of these parts of the premises places a responsibility upon the owner. Thus, as was pointed out in Sloan v. Hirsch, 283 Pa. 230, 128 A. 831, where premises are let to several tenants, each occupying a different portion but all enjoying or using certain portions in common, such as entranceways and halls, stairways, elevators, etc., the landlord must keep such portions in safe condition and is liable to any guests, customers or employees of the

tenants injured in consequence of his negligence. As the owner is therefore concededly required to visit the premises to attend to the latter responsibilities, it is incorrect to say that he is not in possession, if by that it is meant that he has no occasion to visit the premises.

Three subsidiary points may be briefly referred to:

The first has to do with the provisions of the lease between the Woolworth Company and the additional defendant. It is contended that the owner had not agreed to repair the sidewalk, and hence was relieved from responsibility. A fair reading of the lease would indicate that the tenant was liable to make all repairs to the interior and the owner all repairs to the exterior. These provisions would seem to carry an implication that the *owner* had agreed to maintain the sidewalk in good condition. However, under the view we take of the respective liabilities of the parties, the presence or absence of such provision in the lease is immaterial to the present issue.

In the second place, it is pointed out that the testimony establishes that the Woolworth Company laid the pavement and had made repairs to it more than once prior to the accident. This again does not affect our opinion as to the responsibility of the additional defendant. If she was under a duty to maintain the footway in front of her premises in good repair, obviously she cannot deny responsibility because of the fact that a third person, either gratuitously or through his conception of his contractual obligations, had undertaken to perform that duty for her. It is quite probable that the Woolworth Company wanted a good sidewalk in front of its store; it was also to its interest that the pavement be kept in repair. These matters, however, lie entirely between the owner and her tenant.

Finally, it is claimed that in any event there was no evidence from which a jury could properly find that the additional defendant had constructive notice of the

defect. The phrase "constructive notice" was carefully defined to the jury in the part of the charge to which no exception was taken, and the testimony in the case, if believed, indicates that the defect had been in existence for three to four years. Whether, therefore, there was constructive notice was obviously a question for the jury to decide. The case of City of Phila. v. Bergdoll, 252 Pa. 545, 97 A. 736, is cited in this connection. That case, however, not only involved a temporary ice and snow condition, but was also one in which the whole property had been leased to a single tenant. This latter factor alone furnishes a sufficient distinction.

The judgment at No. 250, April Term, 1935, is reversed, and it is directed that judgment be entered in favor of the Borough of Homestead and against Anna M. Winner, additional defendant, for the amount of the verdicts; the judgments at Nos. 249 and 251 are affirmed.