## MARYLAND CASUALTY CO. OF BALTIMORE v. SAUERS et al.

### Civ. No. 494.

District Court, W. D. Pennsylvania.

April 24, 1941.

Arthur M. Grossman, of Pittsburgh, Pa., for plaintiff.

Alexander Cooper, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action by an insurer against the insured, to recover the amount of a settlement which the insurer made with a third person under the policy without notice to the insured. After plaintiff had presented its evidence at the trial, defendant moved for involuntary dismissal under Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that upon the facts and the law, plaintiff has shown no right to relief. This motion was granted. The action is now before the court on plaintiff's motion to remove the judgment of involuntary dismissal and for a new trial. In the consideration of this motion, all the evidence favorable to the plaintiff, together with the inferences that may be reasonably drawn therefrom, are to be accepted as established. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Muehlhof v. Reading Co., 309 Pa. 17, 162 A. 827.

The essential facts are that plaintiff is an insurer; that defendants are a partnership and are the insured; that plaintiff issued to defendants a policy of insurance covering damages caused by the operation of a motorbus; that while this policy was in force, an accident happened, resulting in the killing of a man. Notice of the accident was given by defendants to plaintiff. Plaintiff disclaimed any liability but entered its appearance (as it had a right to do under the policy) for defendants. It afterwards made a settlement with the plaintiff in the action without any notice to the defendants and without their consent. The policy provides that insurer may "Defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company."

The policy also gave the right to the insurer to recover from the insured any

payment that it was required to make under the policy which was caused by a violation of law upon the part of the insured.

At the trial of the first action brought by plaintiff against defendants, plaintiff took a voluntary nonsuit or dismissal of its action; it then brought the present action. At the trial, it offered evidence of the facts stated above; also, that the person operating the bus of the defendants at the time of the accident was under the age of twenty-one years, and that this was a violation of the laws of Pennsylvania. Plaintiff did not offer any evidence sufficient to submit to the jury, either as to the negligence of the defendants or as to the damages suffered by the plaintiff in the damage action.

Plaintiff contends, under the above provision of the policy relating to settlement, that it had the right to settle with the plaintiff in the damage case without the knowledge or consent of the defendants, and that this settlement was binding upon the defendants, and, therefore, that this case should have been submitted to the jury. Defendants contend that plaintiff did not have the right to make such a settlement without notice or its consent, and, therefore, that the granting of the motion for involuntary dismissal was properly granted. Defendants also contend that if their first contention is not correct, plaintiff was not entitled to have its case submitted to the jury because the burden was upon the plaintiff in this action to offer evidence of the negligence of the defendants without disclosing contributory negligence on the part of the person killed, and that the same burden rested upon the plaintiff in this action as to proof of damages, and that plaintiff having failed to offer such evidence, the motion was properly granted.

■ It is a general rule that insurance contracts should be most strongly construed against the insurer. The present policy was made in Pennsylvania. In Crahan v. Automobile Underwriters, Inc., 116 Pa. Super. 353, 176 A. 817, the Superior Court of Pennsylvania held: The settled rule required a construction most favorable to the assured when the insurance contract is ambiguous or susceptible to two interpretations, and that it was likewise well settled that insurance contracts are to be construed in their plain, ordinary and popular sense as other contracts if the terms are clear and unambiguous. See Stroehmann v. Mutual Life Ins. Co., 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732.

Plaintiff admits that it knows of no precedent where a recovery has been had by an insurer against the insured under facts the same as in this action. In Orth v. Consumers' Gas Co., 280 Pa. 118, 121, 122, 124 A. 296, 297, it appeared that two persons were injured by a defect in a sidewalk caused by the negligence of the defendant; that actions were brought by the persons injured against the owner of the property, one of which was tried and the other settled; that notice was not given to the Gas Company. It was held by the Supreme Court of Pennsylvania that the owner of the property had a right to recover against the Gas Company. In its opinion, the Court stated: "If one entitled to indemnity intends to use as evidence, in a future action to enforce his right, the judgment which may be rendered against him in a pending suit for damages, and thus to prove his loss, he must give the person to whom he looks for recompense reasonably 'definite, certain and direct' notice of the pending suit, so the latter may defend it, or join in the defense, should he see fit so to do. Chester v. Schaffer, 24 Pa.Super. 162. 'When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against (the indemnitor) whether he has appeared or not'. Fowler v. Jersey Shore Borough, 17 Pa. Super. 366, 372. If notice of that character is not given, then, in a subsequent proceeding to obtain indemnity, the plaintiff must establish his claims for damages without reference to the amount of the judgment in the prior action against him (31 C. J. 453, 463, §§ 53, 62); in other words, under such circumstances the plaintiff in the second suit is not barred from recovery, but there is placed on him the burden of justifying his payment of damages to the person who sued him, by offering against the defendant in the second suit practically the same evidence as was relied on to establish the case against him, the plaintiff, when he was defending the first suit. Chester v. Schaffer, supra [24 Pa.Super. at pages] 167, 168. On the general subject, see, also, Philadelphia v. Bergdoll, 252 Pa. 545, 97 A. 736, Ann.Cas.1918C, 1141, and Gray v. Boston G. L. Co., 114 Mass. 149, 19 Am.Rep. 324." See New Amsterdam Casualty Company v. East Tennessee Telephone Co., 6 Cir., 139 F. 602, certiorari denied, 201 U.S. 646, 26 S.Ct. 761, 50 L.Ed. 903.

I am of the opinion that the contract of insurance in this action should be most strongly construed against the plaintiff, the insurer; that the aforesaid provision of the policy in relation to settlement was not intended to cover actions where the insured was liable over to the insurer; hence, where the insurer makes settlement of a claim, without notice to or consent of the insured, the burden is upon the insurer in an action against the insured to recover the amount of the settlement or the damage that the insurer has sustained, to offer evidence the same as the plaintiff in the damage case would have been required to offer against the insured, viz., that plaintiff's injury was caused by the negligence of the insured, without negligence on his part and the amount of the damages which plaintiff sustained. Plaintiff has failed to meet this burden; therefore, I am of the opinion that the motions now before us should be dismissed.