# Cleveland Osteopathic Hospital, Inc. v. Nash

*Cyril T. Garvey*, for plaintiff.

*Phillip E. Brockway*, for defendant.

STRANAHAN, J., October 3, 1967.—This matter is before the court on a motion for a summary judgment in which defendant has asked the court to enter a judgment in his favor upon all of the pleadings, affidavits and the testimony of Dr. Gerard K. Nash.

The Cleveland Osteopathic Hospital, Inc., is a nonprofit corporation located in the vicinity of Cleveland, Ohio. On May 13, 1959, Wanda C. Lyons, a minor, was a patient at the Cleveland Osteopathic Hospital and underwent surgery in the nature of a craniotomy. Following this operation, she developed staphylococcus infection which resulted in osteomyelitis in the area of the head.

At that time, Gerard K. Nash, a radiologist, was associated with the hospital and had supervised and directed the taking of certain X-ray films of Wanda C. Lyons.

On December 18, 1959, suit was filed in the Court of Common Pleas of Cuyahoga County, Ohio, on behalf

of Wanda C. Lyons and against the Cleveland Osteopathic Hospital, Inc., and Dr. William Selnick. In this suit, both defendants were charged with negligence which caused the osteomyelitis.

Negotiations of settlement were conducted between plaintiff and defendant and on September 5, 1964, a settlement in the sum of $49,000 was reached by the parties. Of this amount one half, or $24,500, was paid by the Cleveland Osteopathic Hospital, Inc., and the other half by Dr. Selnick. In addition to this, the Cleveland Osteopathic Hospital, Inc., incurred expenses of $5,486.52 in court costs, legal fees and the cost of defense of the Lyons' claim.

The present case is an effort by the Cleveland Osteopathic Hospital, Inc., to recover from Gerard K. Nash the sum of $24,500, together with $5,486.52, on the theory that Dr. Nash is primarily liable and, therefore, has an obligation to indemnify the hospital for the amount paid by it in settlement, plus legal fees, etc. Defendant has taken the position in this case that he is entitled to a summary judgment, because proper notice was not given prior to settlement of the claim, and that the failure to notify him that the hospital intended to look to him for indemnification relieves him of liability.

With this position in mind, defendant produced Dr. Nash, who testified concerning his knowledge or lack of knowledge of the Lyons' suit and in addition thereto, defendant offered some exhibits which include letters from Fletcher and Esber, attorneys at law, who served as counsel for plaintiff. These letters have some bearing on the question of notice to Dr. Nash.

This court is not in agreement with defendant as to what the law is, and while evidence of lack of notice to Dr. Nash has some relevancy in this case, this court is of the opinion that failure to notify Dr. Nash does not preclude the Cleveland Osteopathic Hospital, Inc.,

from bringing suit against him in an effort to require him to indemnify the hospital for their loss.

The law is clear that a voluntary settlement does not negate the right to indemnity: Wise Shoes, Inc. v. Blatt, 107 Pa. Superior Ct. 473; Globe Indemnity Company v. Schmitt, 142 Ohio St. 595. The Globe Indemnity Company case, supra, page 604, states:

"In other words, the fact of voluntary payment does not negative the right to indemnity. However, the one seeking indemnity, after making voluntary settlement, must prove that he has given proper and timely notice to the one from whom it is sought, that he was legally liable to respond and that the settlement effected was fair and reasonable".

The law is that if the indemnitor (Dr. Nash), is not properly notified prior to the settlement, then the indemnitee (the hospital), has the burden of proving that the amount of the settlement was fair and reasonable and was made in good faith. The notice requirement does nothing more than, when properly given, preclude the indemnitor from questioning the amount of the settlement. The reason for this is that if notice was properly given, then the indemnitor has the opportunity to participate in the settlement and to protect himself against a settlement made in bad faith.

If proper notice is not given, the indemnitor is deprived of this opportunity and the burden is on the indemnitee to show that the settlement was properly made. This rule does not, however, preclude the indemnitee from recovering against the indemnitor even though proper notice was not given. See Orth v. Consumers Gas Co., 280 Pa. 118, 124 Atl. 296; 73 A. L. R. 2d 506.

We believe that the correct rule of law is stated in 42 C. J. S. 618 as follows:

"Where the indemnitor is not notified of the action against the indemnitee and given an opportunity to appear and defend, the judgment therein against the indemnitee is, as a general rule, not conclusive on the indemnitor in a subsequent action against him for indemnity, as where he has not expressly made his liability depend on the event of a litigation to which he was not a party or stipulated to abide the judgment of the suit; at most, the judgment is only prima facie evidence as to the damages or other facts adjudicated. The omission to give notice to the indemnitor, however, does not affect the right of action against him, but simply changes the burden of proof and imposes on the indemnitee the necessity of again litigating and establishing all of the actionable facts".

Reference should also be made to §107 of the Restatement, Judgments, which indicates that if a judgment is obtained against the indemnitee, the indemnitor is bound as to the existence and extent of the liability of the indemnitee, if the indemnitee gave to the indemnitor reasonable notice of the action and requested him to defend it or participate in the defense. This does not mean, however, that if the indemnitee failed to give the indemnitor such notice, the indemnitee is precluded from recovering against the indemnitor. The rule merely means that the indemnitor is bound by the extent of liability incurred by the indemnitee.

Defendant in this case has cited a number of cases in support of his contention that the failure to give notice discharges the indemnitor from liability. These cases include New York Central Railroad Company v. Linamen, 171 Ohio St. 87, 167 N. E. 2d 778; New York Central Railroad Company v. General Motors Corporation, 182 F. Supp. 273; and Pipe Welding Supply Company v. Gas Atmospheres, Inc. 201 F. Supp. 199. We have read these cases and do not find that they deviate from the general rule.

We, therefore, find that the motion for a summary judgment by defendant must be dismissed. While we are inclined to believe that sufficient notice was not given by the Cleveland Osteopathic Hospital, Inc., to Dr. Gerard K. Nash, we find no necessity to rule on that question at this time, since, regardless of whether the notice was properly given or not, there may still be liability by defendant to plaintiff to indemnify it for the amount paid to settle the Lyons' claim. It may also be that the question of notice is for the jury. Therefore, defendant is not entitled to a summary judgment.

ORDER

And now, October 3, 1967, defendant's motion for a summary judgment is dismissed.